## NEW ORLEANS AND CARROLLTON RAILROAD CO. *v.* THOMAS B. HARPER.

An admission of the execution of a note, accompanied by an assertion that it was not really due because it had been extinguished by compensation, is not such an acknowledgment as will interrupt prescription.

Depositaries holding by a precarious tenure cannot prescribe on the thing thus held. But the deposits made with plaintiff's bank were not real but irregular deposits; the ownership of the identical money deposited passed to the bank, and the relation of debtor and creditor in a cash account arose between the parties.

A corporation may plead prescription.

Code, 3424, 3476, 3486.

APPEAL from the District Court, Eighth District, Parish of St. Tammany, *Watterson*, J.    *J. R. & J. D. Jones*, for plaintiff.    *A. Hennen*, for defendant and appellant.

SPOFFORD, J.    This is a suit on a negotiable promissory note, alleged to have been signed by *Harper & Merrick*, commercial partners, for $200, due January 12th, 1843.

The defendant, *Harper*, was cited on the 27th September, 1850.

In his answer he admitted the execution of the note, as alleged, but denied that he owed plaintiffs anything; he averred that, prior to the execution of the notes, *Harper & Merrick* had leased the New Orleans and Carrollton Railroad from the plaintiffs, and that there were mutual accounts between them growing out of said business connection, and that plaintiffs were indebted to *Harper & Merrick* in an amount near $1200, which more than compensated and had extinguished the note sued upon. The defendant prayed for judgment in reconvention, he being sued in a parish different from that which was the domicil of the plaintiffs.

In an amended answer the defendant increased his demand in reconvention to the sum of $4000.

To the demand in reconvention the plaintiffs pleaded the prescription of ten years.

There was judgment in favor of the plaintiffs for the amount of the note, with legal interest from judicial demand, and judgment against the defendant on his reconventional demand.

In this court the defendant has pleaded the prescription of five years to the plaintiffs' demand on the note.

The plaintiffs suggest that their demand is below our jurisdiction. There is a demand in the petition for seven per cent. interest since the maturity of the note, which brings the amount sued for within our jurisdiction. Although this interest was not allowed, and no amendment has been asked for in this court, we are not satisfied that the allegation was inserted in the petition in bad faith, with a view to make the case appealable. The note was payable to the bank of plaintiffs, an incorporated institution, with special privileges, and there may have been a convention between the parties as to interest, of which the evidence was not attainable.

The plea of prescription, filed by the defendants in this case, must prevail. The plaintiffs have not asked that the cause be remanded for a trial upon that plea, but have rested their case upon an alleged interruption of prescription, said to have taken place by the acknowledgments of the defendant made in 1847.

The statements of the defendant are proven by one witness, the secretary of the plaintiffs. Those statements should be considered together. So considered they do not amount to an "acknowledgment of the right" of the creditor in the sense of Article 3486 of the Code. The acknowledgments amounts only to an admission of the execution of the note; accompanied by an assertion that it was not really due because it had been extinguished by compensation. See *Lackey* v. *Macmurdo,* 9 An. 15; *Succession of Jewell,* ante. p. 83.

The reconventional demand is also barred by the prescription of ten years. It is a demand on an account simply, or a demand growing out of alleged errors in an old account.

The defendant and his partner *Merrick* leased the plaintiffs' railroad, with permission to throw up the lease on certain conditions, and to settle as stewards of the company. They availed themselves of this privilege, and the accounts sought to be reconsidered in this case, and which have made a voluminous record, are the debtor and creditor accounts between the company and its lessees and stewards, as far back as 1837 and 1838.

The defendant seeks to escape the plea of prescription by taking the position that the bank belonging to plaintiffs was the depositary of the funds paid in by the lessees, *Merrick & Harper,* and that prescription cannot be pleaded in case of a deposit. It is true that depositaries, holding by a precarious tenure, cannot prescribe on the thing thus held. C. C. 3476. But the deposits made in the plaintiffs' bank were not real but irregular deposits; the ownership of the identical money deposited passed to the bank. The relation of debtor and creditor in a cash account arose between the parties. The Article 3476 of the Civil Code speaks only of causes which present the prescription *acquirendi causa* from running. It is the prescription *liberandi causa* which is pleaded by the plaintiffs, and which is applicable to the reconventional demand of the defendant for alleged errors in stale accounts, although most of the credit items in those accounts consist of bank deposits.

But it is said the plaintiffs have tacitly renounced the right to plead prescription, first, by producing the accounts in answer to the defendant's prayer; second, by opposing the report of the creditors, and, third, by pleading payment and settlement of the accounts.

CARROLLTON R. R.
*v.*
HARPER.

It is true that a renunciation of prescription may be inferred from every act or fact which manifests the will of the debtor to renounce, either expressly or by clear implication.　C. C. 3424.　We find no indication in the acts of the plaintiffs above referred to of any intention to renounce prescription.

Finally, it has been urged that inasmuch as a corporation has no soul, it cannot plead prescription.　This would seem to be a better reason for holding that it can.

It is ordered and decreed, that the judgment of the District Court be avoided and reversed ; and it is further ordered, adjudged and decreed, that there be judgment against the plaintiffs on the principal demand, and judgment against the defendant on his demand in reconvention ; it is further ordered, that such of the costs in the District Court as grew out of the principal demand be borne by the plaintiffs, and such as were occasioned by the reconventional demand be paid by the defendant, and that the plaintiffs and appellees pay all the costs of this appeal.