### STATE OF LOUISIANA v. Slave GEORGE.

Confessions made by an accused to the persons who arrested him, and who were not public officers, are not admissible in evidence against him.

Confessions made under such circumstances are not admissible even when, in a case of larceny, the person to whom they are made is directed by the accused to the place where the stolen goods are to be found, and he finds them in the place designated ; the fact of finding the goods may be taken into consideration by the jury, but not the admission of the accused that he had stolen and put them there ; this fact must be collected from the circumstances of the case.

APPEAL from Justices Court, Parish of Iberville.

*T. J. Semmes*, Attorney General, for State.  *Samuel Flower*, for defendant and appellant.

VOORHIES, J.  The prisoner is appellant from a judgment sentencing him to death.

19

STATE
v.
GEORGE.

The information filed in the inferior court, contains two counts; the first for the crime of arson, and the second for the crime of larceny. Two distinct substantive offences, growing, in all probability, from the same circumstance or transaction, have thus be joined or cumulated in the information. The date of the commission of both offences corresponds, and they appear to have had for their object the property of the same person.

Our attention is called to a bill of exception, taken by the prisoner, to the ruling of the Magistrates with regard to the admissibility of his confessions, made under the influence of promises and threats. The Magistrates state that the witnesses, who procured the confessions, were not public officers, nor were they the owners or overseers of the slave *George;* that they arrested the accused, however, and that it was on this emergency that the latter confessed his guilt.

The rule of law is not so restricted in this respect. "In regard," says Greenleaf, "*to the person by whom the inducements were offered,* it is very clear, that if they were offered by the prosecutor, or by his wife, the prisoner being his servant, or by an officer having the prisoner in custody, or by a Magistrate; or, indeed, *by any one having authority* over him, or over the prosecution itself, or by a private person in the presence of one in authority, the confession will not be deemed voluntary, and will be rejected." Greenleaf's Evidence, sec. 222 ; Arch. Pleadings, p. 128.

Private individuals are allowed, in some cases, and required in others, by the law, to arrest offenders without a warrant of justice. The witnesses, who arrested the prisoner, must be viewed in no other light than as public officers for the time being ; they unquestionably were, by arresting him, exercising legal authority on his person. So that the confession made to them by the prisoner, under the inducements held out, cannot be considered as voluntary. Arch. Criminal Pleadings, vol. 1, p. 125.

The bill of exceptions states further, that "following the confessions, the things stolen were found." This does not affect the question of the admissibility in evidence of a confession of guilt.

"In such case, the most that is proper to be left to the consideration of the jury, is the fact of the witness having been directed by the prisoner where to find the goods, and his having found them accordingly ; but not the acknowledgment of the prisoner having stolen or put them there, which is to be collected or not from all the circumstances of the case ; and this, adds Mr. East, is now the most common practice." Roscoe Ev. 47.

So much of the declarations of the slave *George,* as led to the discovery of the stolen goods, was properly received ; but his confession of guilt, procured through inducements held out to him by those who had arrested him, and had him in their custody, should have been excluded. The bill of exception seems to ignore this distinction. No discrimination was made on this subject by the Magistrates in overruling the prisoner's objection; no alternative is, therefore, left but to remand the case for a new trial.

It is proper to call the attention of the special tribunal, to the irregularity of inserting, in the same information, two offences, distinct in character, although arising most probably from the same transaction—the crimes of arson and larceny. Evidence of the commission of the latter, may prove the felonious intent, which is an ingredient of the former, if the two acts can be connected together ; but, between the two offences, the State should elect upon which to prosecute.

It is, therefore, ordered and decreed, that the verdict of the jury and judgment <span>STATE</span>
of the special tribunal, be avoided and reversed, and that this case be remanded <span>*v.*</span>
for a new trial, and for further proceedings according to law. <span>GEORGE.</span>