## F. M. HEREFORD & WIFE *v.* W. E. LEVERICH, Curator.

*An action arising out of a contract of mandate is barred by the prescription of ten years.*

*The mandatory has a right to retain, out of the property of the principal in his hands, a sufficient amount to satisfy his expenses and costs : creating a right of pledge.*

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Bonford, Singleton & Clack,* for plaintiffs. *W. S. Stansbury & G. A. Breaux,* for defendant and appellant.

LAND, J.   The plaintiff sues to recover compensation for the labor of her slaves and the use of her horses, mules and carts, employed in cultivating and taking off a crop of sugar in the year 1851, on a plantation belonging to the estate of Edward J. Walsh, deceased, in the Parish of East Baton Rouge.

In the suit of William E. Leverich, curator of the succession of Edward J. Walsh, instituted in the District Court of the Parish of East Baton Rouge against one Amos Adams and Mrs. Harriet Hereford, the plaintiff in this action, it was alledged by the curator and afterwards held by the court, that the defendants were in possession and control of the plantation *as the agents* of Walsh; and after his death, as agents of his legal representatives.   In that suit the entire crop of 1851 was adjudged to the succession of Walsh, and the right of Mrs. Hereford to recover from his estate, compensation for the labor and use of her slaves, mules, &c., (although not claimed in her pleadings) was expressly reserved by the judgment of the District Court, which was affirmed in this particular, on appeal to this Court in May, 1855.

The allegation of agency in the petition of the curator, and the judgment of the court thereon, recognizing the relation of principal and agent between Walsh and the defendants in that suit, determine the nature of the contract on which the present action is founded, and have a material effect on the plaintiff's right of recovery, in opposition to the defences set up in the curator's answer to her petition.

HEREFORD
v.
LEVERICH.

The curator contends, in the first place, that the entire demand of the plaintiff is barred by the prescription for three years. This prescription would bar the action, if the plaintiff were simply suing on a contract of *letting and hiring;* but such is not the case, she is suing to enforce a right arising out of a *contract of mandate,* and her action is not barred by the prescription of three, but of ten years. See *Garland* v. *Estate of Scott,* 15 A. 145: *Imboden* v. *Richardson,* Ib. 535.

The curator contends, in the second place, that the plaintiff has no right of privilege on the proceeds of the crops of 1851; and that her claim, if allowed at all, can only be allowed as an ordinary debt against the suc-cession of Walsh. The law declares that the mandatory has a right to retain, out of the property of the principal in his hands, a sufficient amount to satisfy his expenses and costs; and thereby creates a right of pledge which operates in favor of the agent, a privilege on the proceeds of the property in his hands, for the reimbur-; nent of the expenses and charges incurred in carrying out the execution of the mandate. C. C., Arts. 2991, 2992, 3184, No. 4.

As the plaintiff was in possession of the crop of 1851, as agent of Walsh; and as the labor of her slaves, and the use of her horses, mules and carts, must be considered as advances, or expenses incurred with the consent of the principal, in the execution of the mandate, there is no legal ground on which the right of privilege can be rejected. The judgment awarding to the succession of Walsh the crop of 1851, did not pass upon the plain-tiffs the right of privilege, but reserved it with her other rights to be de-termined in a subsequent action.

The curator contends, in the third place, that legal interest was im-properly allowed in favor of the plaintiff, from the 1st of January, 1852; but as the plaintiff was entitled to recover interest on the amount of her claim from the date of the death of Walsh, there is no error in the judg-ment of the lower court in this particular.

The amount allowed to the plaintiff, by the District Judge, is justified by the evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.