## No. 6106.

### Charles F. Gaudé vs. François Gaudé.

The plea of prescription of one, two, and three years is not applicable to the account sued upon, which is for the reimbursement of outlay, moneys advanced, provisions furnished, etc., for the use and benefit of the defendant by the plaintiff as *negotiorum gestor,* and which can be prescribed only by the term of ten years.

The written acts themselves declared upon in defendant's peremptory exception to plaintiff's claim, must interpret themselves, and parol evidence can not be introduced by said defendant to establish a general settlement of affairs between himself and plaintiff different from that alleged in said defendant's peremptory exception.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie,* J. *J. S. Goode,* for plaintiff and appellee. *C. Knobloch,* for defendant and appellant.

Taliaferro, J. The defendant is sued upon an account for goods, wares, and merchandise furnished, money advanced, and taxes, physician's bill, and money paid to others at the request of defendant, aggregating the sum of $1023 74, for which plaintiff prays judgment with legal

interest, as allowed by law, on each item of indebtedness, with costs, etc.
The defendant pleaded the general issue, and set up in reconvention a
demand against the plaintiff of fifty-nine hundred dollars, with interest.
This demand he predicates upon the declaration that in April, 1866, he
sold to his son (who is the plaintiff in this suit) his plantation called
"Morning Star," for the price of sixteen thousand dollars, represented
by eight notes of two thousand dollars each. He avers that his son,
without defendant's knowledge or consent, took possession of and still
retains two of these notes. He further avers that he paid for plaintiff a
debt of nineteen hundred dollars, which the latter owed to Oneziphore
Toups, administrator of the succession of Marie L. Toups; the two
notes of two thousand dollars each, taken, as he alleges, by plaintiff, and
the nineteen-hundred-dollar debt to Toups, administrator, paid for plain-
tiff, making the amount of the reconventional demand. Pending the
trial, the defendant filed a peremptory exception in which he pleads the
prescription of one, two, and three years, and that by certain notarial
acts therein specified, the plaintiff's claim, and all other possible differ-
ences between the parties, were canceled and extinguished.

The plaintiff had judgment for $1011 44, with interest, and defendant
appealed.

We find no force in the defense. The plea of prescription of one, two,
and three years is not applicable to the account sued upon, which is one
for reimbursement for outlays, advances, etc., made for the use and bene-
fit of the defendant by the plaintiff as *negotiorum gestor*, and which is
prescribed only by the term of ten years. 12 Rob. 148; 2 An. 779; 10
An. 395.

In regard to the two notes of two thousand dollars each which the de-
fendant alleges in his petition, his son, the plaintiff, took possession of
without his knowledge or consent, the defendant, when upon the stand,
admitted that the two mortgage notes were given to his son by the con-
sent of the defendant.

In his peremptory exception the defendant alleges that by the sale he
made to his son of the Morning Star plantation and the sale to Myrtle
Gaudé of the Adam plantation it was understood and agreed upon by
the parties that mutual receipts should be exchanged between them;
that the sales mentioned in the answer were a final settlement of all
demands of one against the other. The defendant specially alleges that
by these sales a full and entire settlement of all business affairs between
himself and the plaintiff was effected. But these acts of themselves
show nothing of the sort, and upon the trial of the case in the court
below the defendant introduced a witness to prove that the only settle-
ment ever effected by him was the one evidenced by the acts of sale of
sixteenth August, 1875, by Charles F. Gaudé to François Gaudé. To the

introduction of this evidence the plaintiff's counsel objected on the ground that the acts themselves alleged upon in defendant's peremptory exception must interpret themselves, and that parol evidence was inadmissible to establish a general settlement of the affairs of the parties different from that alleged in defendant's peremptory exception. The objection was sustained by the court, and defendant reserved a bill of exceptions.

We think the evidence was properly rejected. C. C. article 2276; 16 An. 305; 18 An. 577. The defendant, we think, has failed to make out a valid defense, and that the judgment was properly rendered in favor of the plaintiff.

It is therefore ordered that the judgment appealed from be affirmed with costs.