No. 1108.

SCHOOL BOARD OF EAST CARROLL PARISH vs. SCHOOL BOARD OF UNION PARISH.

A school board organized according to law has a right to stand in court to claim from another school board likewise constituted, school funds which should have been paid to it by the State authorities and which were illegally paid out to the latter. A receipt therefor would exonerate the debtor board.

If the funds are not in kind in the possession of such board, but can be traced to property in which they have been invested by such board, the property itself can be recovered in place of the funds which it represents.

An action to recover under such circumstances is not barred by the prescription of five years or less.

APPEAL from the Third District Court, Parish of Union. *Graham*, J.

*W. R. Rutland* for Plaintiff and Appellant.

*A. Barksdale* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action for the recovery of $4440 93, as illegally paid to and received by the defendants and invested by them in a lot and building, or school house thereon.

The defense by way of exception is: that the plaintiffs have no right of action and, therefore, no standing in court, and that the claim is barred by prescription.

From a judgment sustaining those defences this appeal is taken.

I.

From the averments of the petition, which must be taken for true for the purpose of the exceptions, it appears that the State Treasurer, on warrants of the Auditor, has at different times paid to the defendants various amounts, aggregating $4440 93, as the interest on the free school fund due township 19 north, range 13 east, under Act of Congress of February 15, 1843, and Acts of the Legislature 321 of 1855, and 182 of 1857, on a credit of $13,396 81; that the annual interest on this fund is $833 80, whereof $556 20 has been annually paid to the defendant for eight years, aggregating the sum of $4440 93, while the difference, $277 60, has been annually paid to plaintiffs; that the whole of the interest, $833 80, should have been paid to the plaintiffs, for the reason that township 19 north, range 13 east, is in East Carroll and not in Union parish; that the apportionment and distribution of the

school fund has to be made on that basis; that the defendants, when they drew and received those various amounts, knew that they did not accrue to them and have used the same for the purchase of a lot and the construction thereon of a school house, at a cost of $3712 09; that there remains in the hands of defendants a balance of $672 84.

In order to ascertain whether the plaintiffs have a *right* of action, it is only necessary to inquire whether a payment to them would dis charge the defendants.

There can be no doubt, under the averments, that the money was plaintiffs' property in the hands of the State, as *a fiduciary;* that if the money, instead of having been paid to the defendants had been paid to the plaintiffs, the payment would have been a valid one and the State would have been released *pro tanto.*

It is evident that if the defendants were to return the money to the State and the latter was to pay it over to the plaintiffs, both the defendants and the State would be discharged from responsibility as to it.

Now, if instead of paying it in this circuitous mode, the defendants were to pay it to the plaintiffs, there can be no doubt they would likewise cease to be liable for it.

A receipt from plaintiffs would, therefore, exonerate the defendants. This circumstance suffices to give them the right to claim judicially what is due them.

If the allegations of the petition be true, then it follows that the defendants have knowingly and, therefore, wrongfully received funds which did not accrue to them, but which should have been paid over to plaintiffs. Such being the case, the petition itself discloses a *cause* of action and, on proof, the plaintiffs are entitled to recover the money or the property, to which it has been traced, with which it is identified and which represents the fund.

## II.

The next defense is that of prescription. This is not a suit in damages for a tort. It is an action to recover, *in integrum,* money or the property representing it, which is in the precarious possession of the defendants in a fiduciary capacity and not as owners, with the averred knowledge that it does not belong to them, but to plaintiffs. The defendants hold as the agents or representatives of the plaintiffs, and if prescription can be pleaded at all, they cannot plead that which was set up, which was: one, two, three and five years.

It is, therefore, ordered and decreed that the judgment appealed from be reversed. It is now ordered and decreed that the exceptions filed

be overruled and that the case be remanded to the lower court for fur-
ther proceedings according to law, and that defendants pay costs of
appeal; the costs of the lower court to abide the final decision of the
cause.