## No. 139.

### LAURA A. WALL ET AL. VS. W. B. COLBERT, EXECUTOR.

Mandate or the contract of agency is provable by parol testimony.

Ten years is the prescription period for an action of mandate, or an action to compel an agent to account.

This prescription begins to run when a settlement has been demanded and refused, or in other words when the agency has terminated.

APPEAL from the Second District Court, Parish of Bienville. *Drew*, J.

---

*J. W. Holbert, J. F. Taylor* and *Alexander & Blanchard* for Plaintiffs and Appellees.

*J. D. & J. T. Watkins* for Defendant and Appellant.

---

The opinion of the Court was delivered by

MANNING, J. The defendant is the executor of William S. Parham who died in April 1882. The suit is for the recovery of certain moneys belonging to the plaintiffs, received by Parham as their agent, or for so much thereof as he could not account for.

The plaintiffs owned a plantation that Parham sold for them in 1869 for ten thousand dollars, which he received. He was half-brother to Wall, the deceased husband of the plaintiff Laura. The other plaintiffs are Wall's children. He managed the business of his widowed sister and of her children, and his control of it was as complete and unrestrained as their confidence in him was perfect and unlimited. There can be no question about the facts. The proof of them is abundant. But there is a question whether the evidence exhibiting the facts was admissible.

The defendant interposes as an absolute bar to recovery the prohibition of receiving parol evidence to prove any acknowledgment or promise of a deceased party to pay any debt for the purpose of taking such debt out of prescription. Rev. Civ. Code, art. 2278.

There was no attempt or offer to prove any promise or acknowledgment whatever of Parham to avoid prescription, nor any promise or acknowledgment of his for any other purpose. The parol testimony in question was offered to prove Parham's agency—his receipt of this money and the disposition he made of it—his lending it to others for Mrs. Wall, and his collections of the sums thus lent—and whatever else established his agency.

It is incontrovertible that agency is provable by parol. Brewster v. Saul, 8 La. 297; Laville v. Rightor, 17 La. 310.

During the interval between the receipt of this money by Parham (1869) and the institution of this suit (1882), more than ten years elapsed. The defendant pleads prescription, and since ten years is the prescriptible period for actions such as this, Prudhomme v. Plauché, 27 Ann. 132, the plea would be good if the term began when the money was received. But it is otherwise. Prescription begins when a settlement has been demanded and refused, or at the termination of the agency. Ins. Co. v. Pike, 30 Ann. 488; Idem, 34 Ann. 825.

The only proof of the time when demand was made for the settlement of the agency is the testimony of the plaintiffs, and that fixes it in 1874. It is true Mrs. Wall says the first demand she made of Parham for a settlement was in 1872, and the defendant's counsel insists the first demand fixes the date when prescription begins. But it is apparent from the evidence that whatever date be correct of the demand, the agency did not terminate then. Parham's reply to Mrs. Wall's demand was an exclamation of surprise and an assurance of ultimate satisfaction;—"good God Laura, what are you talking about! You know when I die, you and the children will get it all. What I have got is

Wall et al. vs. Colbert.

yours at my death." And the agency went on. He continued to do with the plaintiffs' business just what he had done before. Receipts signed by him as the agent of Mrs. Wall bear date through the years 1875 and 1876, and the continuance of the agency is therefore shewn up to a time within ten years previous to the institution of this suit.

The court below gave judgment for ten thousand dollars with interest, subject to certain credits that aggregate $6,519.78. An item of $750 among the credits is an error, because it is included in another credit of $1437, and was inadvertently thus twice allowed. The plaintiffs contest other credits, but not to our satisfaction. As well as we can inform ourselves by a transcript that is a mass of confusion and irregularity, the defendant is entitled to all the other credits allowed below.

It is therefore ordered and decreed that the judgment be amended by striking $750 from the list of credits allowed, and that as thus amended that it be affirmed, the defendant paying costs of appeal.