No. 13,086.

JAMES M. HENNESSEY, LIQUIDATOR AND INDIVIDUALLY, vs. MARY G. T. STEMPEL, GUARDIAN, ETC.

### SYLLABUS.

1. This not being a suit for the return of a note which had been pledged, the prescription applicable to the acquisition of movables (*acquirendi causa*) (C. C., 3509) does not obtain.

2. Being an action for the recovery of moneys had and realized by the pledgees for and on account of the note pledged, over and above the sum needed to satisfy their claim against the pledgors, the prescription which operates a release from debts (*liberandi causa*) of ten years only applies.

3. And those collections only are barred which were made at dates ten years before service of the citation herein.

4. The presumption of payment resulting from the lapse of the time necessary for prescription is *juris et de jure*.

A PPEAL from the Civil District Court, Parish of Orleans. —*Theard, J.*

*William S. Benedict* for Plaintiff, Appellant.

*E. Howard McCaleb* for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. In this case the substantial allegations of the petition are:—

That on the 14th of August, 1884, the firm of John Hennessey & Bro., then in active business, borrowed $1500 from D. C. McCann & Son and deposited with the latter in pledge and as collateral security a promissory note of A. Sorrel for the sum of $5535.

That frequently thereafter McCann & Son informed the pledgors the note of Sorrel was in process of collection.

That McCann & Son had, on or before December 29, 1885, collected on the note $1759.50, which collection overpaid the indebtedness of Hennessy & Bro. to them, principal and interest, leaving a balance due the borrowing firm of $94.83.

That, later, to-wit:—in November and December, 1886, McCann & Son had collected on the note $485.40, and thereafter, on June 27, 1888, they had, without notice to petitioner or his firm, and without their knowledge or consent, sold and disposed of the note, for the balance due thereon, for the sum of $2500, to a third person, who, subsequently, realized its full value, principal and interest, from its maker.

It is represented that knowledge of these collections and of the disposition aforesaid of the Sorrel note had come to the petitioner within three years last passed, and that the entire proceeds so collected and realized were appropriated by McCann & Son to their own use.

It is averred that both members of the firm of McCann & Son are dead, and that their heirs in possession, represented by the defendant as guardian, refuse an accounting and settlement.

· The prayer of the petition is for an accounting, and, in default thereof, for judgment for the amount of the Sorrel note, principal and interest, less the sum which Hennessey & Bro. had borrowed, $1500 and interest.

Plaintiff was a member of the firm of John Hennessey & Bro. He sues individually and as liquidator.

His appointment as liquidator appears in the record, and it is worthy of remark that while the petition sets forth that the money was borrowed from McCann & Son on August 14, 1884, and that at that time the partnership of Hennessey & Bro. *was in active business,* the certificate of appointment of James M. Hennessey as liquidator is dated July 1, 1884, a month and a half before the $1500 was borrowed, and it would appear that John Hennessey, the senior member of the firm, was then dead, for the certificate aforesaid bears the heading "Succession of John Hennessey", and it is recited therein that John Hennessey is deceased.

Defendant excepted on various grounds as follows:—

1. That the petition discloses no cause of action, the Succession of David C. McCann and Charles P. McCann (who had composed the firm of D. C. McCann & Son) having long since been settled, concluded and the heirs sent into possession.

2. That plaintiff is without capacity to maintain the suit and stand in judgment.

3. That the allegations of the petition are too vague and indefinite to inform defendant of the nature of the action and enable her to prepare a defense.

4. That the action is barred by the prescriptions of three, five and ten years, which are pleaded.

Later, an exception of *res judicata* was pleaded, it being averred that plaintiff is estopped by reason of the accounts filed in the Succession of David C. McCann and Charles P. McCann, and the judgments rendered homologating the same. It is represented that these judgments constitute the authority of the thing adjudged and debar plaintiff from maintaining the suit, etc.

These exceptions came on for trial and a decree was entered overruling them all save that of prescription. It was ordered that the

plea of prescription of ten years be maintained and plaintiff's demand was, in consequence, "rejected with costs."

After an unsuccessful effort to obtain a new trial, plaintiff appeals from the judgment dismissing his action on the plea of prescription.

There was no appeal by defendant from the judgment overruling her other exceptions. Neither has she in this court filed an answer to the appeal, suggesting or praying any amendment of the judgment appealed from.

In consequence, the only issue before us is the correctness *vel non* of the judgment maintaining the prescription of *ten* years, though in the briefs of counsel on either side all of the several exceptions are argued.

---

This is a suit for an accounting, and in default thereof for the value of the thing the subject of the accounting.

It is not a suit for the return, or for the recovery, of the note which had been pledged. The prescription, therefore, applicable to movables (C. C. 3509) does not obtain.

What is demanded is that a return be made of the moneys had and realized by the pledgees for and on account of the thing pledged— what is due the pledgees by the pledgors to be deducted from the amount so realized and the remainder paid over to the pledgors, or their heirs. C. C. 3170, 3172.

It is, therefore, to be considered a suit to recover moneys collected by the pledgees for account of the pledgors. The prescription applicable is that *liberandi causa,* not that *acquirendi causa.* Such an action is prescribed by the lapse of ten years.

Taking as true the allegations of the petition, when, in December, 1885, McCann & Son collected $1759.50 on the pledged note, they realized a sum sufficient to pay and satisfy the debt due them by the firm of Hennessey & Bro., and leave a balance over. This balance belonged to the latter firm and must be considered held by McCann & Son for account of Hennessey & Bro. It was money that *then* became due the latter.

More than a decade having elapsed since the balance came into their hands, the demand for it now falls under the ban of the prescription of ten years. C. C. 3544; Wagoner vs. Phillips, 22 La. Ann. 151; 17 La. Ann. 250; 16 La. Ann. 397; 15 La. Ann. 145; 34 La. Ann. 830-831; 32 La. Ann. 488.

In the latter part of 1886 McCann & Son collected on the note the further sum of $485.40. This money belonged to the pledgors of the note, and McCann & Son became indebted to them for it from that moment.

The demand for it, made more than ten years after its collection, comes too late and is barred by that prescription. C. C. 3544.

The presumption of payment resulting from the lapse of the time necessary to prescribe is *juris et de jure.* 22 La. Ann. 152. C. C. 3510 does not apply to the prescription *liberandi causa. Ib.* See also C. C. 3530, 3550, 3544; 3 La. Ann. 177.

On June 27, 1888, McCann & Son realized a further sum of $2500 on the pledged note and it then passed out of their hands. This money, like the former collections, belonged to the pledgors and was an indebtedness from that moment in their favor against McCann & Son. C. C. 3170, 3172.

Two days short of the prescriptible period (service of citation on defendant having been made June 25, 1898) judicial demand is made for it against the heirs of the two members of the firm of McCann & Son, both now deceased.

This demand is timely and the prescription of ten years as to this $2500, at least, is not applicable. C. C. 3518, 3544, 3551, 3552; Prudhomme vs. Plauche, 27 La. Ann. 133.

We have, then, a case where several sums of money at different dates came into the hands of defendants or those from whom they derive the quality of heirship. These sums were obtained (1) by collections had on account of a note pledged for a loan, and (2) by making a transfer or sale to another of the remainder of the note.

The funds so derived pertained to the pledgors of the note, subject to the right of the pledgees to pay themselves the anterior indebtedness due them by the pledgors. This being done, they owed the duty of returning the surplus to the owners of the thing pledged. C. C. 3170, 3172.

They failed in the performance of this duty, and the owners permitted more than ten years to elapse, as to part of the collections, before suing to recover, and, as to another part, brought their suit just within the ten years.

Plaintiffs are entitled to the accounting, but we hold the action barred as to the collections made on the note at dates beyond ten years from the service of citation.

Out of these collections so barred, however, is to be considered paid and settled the loan, $1500 and interest, contracted by Hennessey & Bro. from McCann & Son in 1884.

It follows that the judgment of the trial court sustaining defendant's plea of prescription of ten years in its entirety, is erroneous. It should have sustained the plea in part and overruled it in part.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from, in so far as it sustains defendant's plea of prescription of ten years as against the demand of the plaintiff for the recovery of the collections made on the note pledged by John Hennessey & Bro. to D. C. McCann & Son at dates more than ten years prior to this suit, be affirmed, and that in all other respects the said judgment is avoided and reversed, and it is ordered that this suit be reinstated on the docket of the court a qua and be proceeded with according to the views herein set forth and the law—costs of both courts herein to be borne by defendants and appellees.

NICHOLLS, C. J., dissents, holding no part of the demand prescribed.