(94 South. 439)

No. 23553.

### BILLS v. PITTMAN et al.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions** ⊜⟞28(1)—**Prescription; suit to recover movables or their value from daughter of plaintiff's curatrix is not subject to shorter prescription than 10 years.**

A suit by an interdicted person against the daughter of her former curatrix to recover movables, coming into the possession of the curatrix, and, on her death, of her daughter, or the value of such as cannot be returned, is not founded on tort, but on the contractual obligation arising from the trust relation, and the shortest prescription applicable, if any, is that of 10 years.

2. **Adverse possession** ⊜⟞61 — **Prescription; possession by daughter of owner's curatrix cannot be basis of prescription acquirandi causa.**

Defendant's possession, as heir and successor of her mother, of movables of an interdicted person of whom the mother was curatrix, being precarious, could never serve as a basis for the prescription acquirandi causa.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mrs. Ouida Bennett Bills, widow of Kirk L. Bills, against Mrs. Mary Renchard Pittman and husband. From a judgment for defendants on exceptions, plaintiff appeals. Judgment set aside, and case remanded.

Hubert M. Ansley and John F. C. Waldo, both of New Orleans, for appellant.

M. D. Dimitry, of Shreveport, and J. A. Grasser, of New Orleans, for appellee Mary Renchard Pittman.

Rixford J. Lincoln, of New Orleans, curator ad hoc, for Robt. H. Pittman.

By the WHOLE COURT.

PROVOSTY, C. J. [1, 2] The mother of defendant, having been appointed curatrix of plaintiff at the latter's interdiction, took charge of plaintiff's effects, consisting of household furniture and other movables. The possession which this curatrix thus acquired was continued at her death by the defendant, her daughter and heir. The present suit is to compel defendant to account for these effects. It is sought to be met by pleas of vagueness and no cause of action and a plea of prescription of one year as applicable to suits in damages founded on tort. The petition in this case is very specific and full, and we have not been favored with any explanation of why it should be supposed to be vague. The suit is not founded on tort, but is for the recovery of specific property received in trust, and continued to be held in trust. The defendant, as heir and successor of her mother, has continued the possession held by her mother. That possession, being precarious, could never serve as a basis for the prescription acquirandi causa. In so far as the suit is for the value of those of the movables which, for one reason or another, cannot now be returned to plaintiff, it is not founded on tort, but upon the contractual obligation arising from the trust relation; and the very shortest prescription (if any) that could be applied to it would be that of 10 years. Gaude v. Gaude, 28 La. Ann. 181. See, also, the analogous case of School Board v. School Board, 36 La. Ann. 806.

The judgment appealed from, which sustained said exceptions, is set aside, and the case is remanded for trial; the defendant to pay the costs of this appeal.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.