(123 So. 328)

No. 29771.

NEWLIN, Public Administrator, v. NEW ORLEANS PUBLIC SERVICE, Inc.

In re NEW ORLEANS PUBLIC SERVICE, Inc.

April 22, 1929.    Rehearing Denied June 17, 1929.

Dufour, Rosen & Kammer, of New Orleans, for applicant.

Stanley McDermott and Ross E. Breazeale, both of New Orleans (James N. Brittingham, Jr., of New Orleans, on rehearing), for respondent.

BRUNOT, J. This is a suit by the public administrator of the parish of Orleans, for the state of Louisiana, for the possession, for administration, of a deposit of $15, which is alleged to have been received by the defendant as the successor of the New Orleans Gas Light Company. The suit is brought under the provisions of Act No. 14 of 1926, from which we quote the following: "In all cases when it shall appear that bank boxes, safe deposit boxes or other receptacles, and the contents thereof, or property or funds or other things of value, deposited or left with or in any bank or trust company or other depositories or hands, in the City of New Orleans, otherwise than in the checking or savings department of such bank or trust company,

standing in the names of persons who are absent and not represented and have not been heard from for a period of ten years or more, the Public Administrator for the Parish of Orleans shall proceed to administer upon such bank boxes, safe deposit boxes or other receptacles, and the contents thereof, or other things of value, in the same manner as is now or may hereafter be provided by law for the administration of vacant successions."

The defendant excepted to the petition as not disclosing a right or cause of action; it pleaded the prescription of 10 years liberandi causa, and, for answer, it alleged that the sum claimed was delivered to the New Orleans Gas Light Company as security for the prompt payment of bills for gas furnished to the consumer and for the safe return of the property of said company which was placed on the consumer's premises, and, as the receipt evidencing the deposit sued for has not been produced, it has no knowledge of the rate of interest stipulated therein or of any other detail with regard thereto.

The case was tried in the First city court of New Orleans, and judgment was there rendered overruling defendant's exceptions and plea of prescription and ordering the defendant to pay to the plaintiff $15 with interest at the rate of 6 per cent. per annum thereon from May 31, 1870, until paid. The defendant appealed, and, after a trial de novo in the Court of Appeal (no written opinion filed), that court amended the judgment appealed from by reducing the rate of interest from 6 per cent. per annum to 5 per cent. per annum, and, as thus amended, it affirmed the judgment. A rehearing was refused, and thereupon defendant applied to this court for certiorari or writ of review. The application was granted, the writ issued, and the record has been sent up in response thereto.

The record shows that interest-bearing

certificates of deposit were issued by the New Orleans Gas Light Company to consumers of its gas, and that such a certificate was issued to Mrs. Burke some time during the month of May, 1870, for $15. This is the certificate sued upon, but it is not in the record, and proof of its contents is only inferentially established by the introduction of a certificate of the same tenor issued to another consumer of gas within the same year.

It is shown that Mrs. Burke has not been heard of for more than 10 years prior to the institution of this suit.

Counsel for plaintiff cite and rely upon Morse on Banks and Bankers, vol. 1, p. 507, where it is said: "Where the depositor at the time a deposit is made, enters into an understanding and agreement with the bank that the money deposited is for a specific purpose, and for that alone, as funds deposited to pay a particular note, draft or check, such deposit partakes of the nature of a special deposit, the relation between the depositor and the bank is that of principal and agent, and the title to the deposit remains in the depositor."

The cited authority has application only to "regular deposits" as defined in Merrick's C. C. arts. 2926, 2940, 2944, 2948. It can have no application, in this case, to irregular deposits which under our statutory law are subject to the prescription liberandi causa. If it be conceded that irregular deposits create as between the parties the relation of "principal and agent," it is the settled jurisprudence of Louisiana that the action of a principal against his agent for an accounting for money the agent received for his principal is barred by the lapse of 10 years. New Orleans & Carrollton Railroad Co. v. Harper, 11 La. Ann. 212; Cooper v. Harrison, 12 La. Ann. 632; Garland v. Scott's Estate, 15 La. Ann. 144; Hereford v. Leverich, 16 La. Ann.

397; Millaudon v. Lesseps, 17 La. Ann. 250; Wagoner v. Phillips, 22 La. Ann. 151; Prudhomme v. Plauche, 27 La. Ann. 133; Southern Mutual Insurance Co. v. Pike, 32 La. Ann. 488; Cousins v. Kelsey, 33 La. Ann. 881; Southern Mutual Insurance Co. v. Pike, 34 La. Ann. 825; Wall v. Colbert, 36 La. Ann. 883; Hennessey v. Stempel, 52 La. Ann. 449, 26 So. 1004.

In the brief filed by plaintiff's counsel it is said that: "The New Orleans Gas Light Company operated by virtue of a state grant or franchise and consequently exercised monopolistic control over the vending of gas in the city of New Orleans. As an exercise of its franchise right it could, under the law, and as a matter of fact did, impose upon the public or the particular individual who was obliged to deal with it, as a prerequisite to the doing of any business or the obtaining of any gas, the necessity or obligation of placing in its hands a deposit or pledge to secure it against loss from the possible failure of said individual to pay his bills promptly and to return, in an undamaged condition, the meter used by him."

It is true that the deposit the New Orleans Gas Light Company required consumers of its gas to make was compulsory, but that does not change the nature of the transaction from an irregular deposit to a regular deposit, or from an irregular deposit to a contract of pledge. The New Orleans Gas Light Company merely received from each consumer of its gas a cash advance, which was to be applied as a credit on the account of the consumer in the event he did not pay his indebtedness to the company promptly or in the event he damaged or destroyed the property of the company which was installed on his premises for his uses. Irregular deposits are prescribed in 10 years. See authorities cited supra. "In general, all personal actions, ex-

cept those before enumerated, are prescribed by ten years." C. C. art. 3544 (3508).

■ As relates to the liberative prescription, good faith is not required. The creditor can only blame himself for not having acted timely. C. C. art. 3550 (3515).

■ For the reasons stated, the prescription liberandi causa would have barred recovery of the deposit by Mrs. Burke if she had brought this suit, and her administrator can only enforce such rights with respect to the deposits sued for as she could legally enforce.

It is therefore decreed that the judgment of the First city court and of the Court of Appeal for the Parish of Orleans be, and it is, avoided, and it is now decreed that defendant's plea of prescription be maintained, and this suit dismissed at plaintiff's cost.