BRUNOT, J.
 

 This appeal is from a judgment maintaining an exception of no cause of action and a plea of prescription and dismissing plaintiff’s suit.
 

 The suit is for moneys alleged to be due the parish of Evangeline which the defendant received, or should have collected, in his official capacity as clerk of court for that parish, and for which he has failed to account.
 

 The judgment appealed from is based upon the theory that the clerk of court and ex officio recorder is not the agent of the parish and, therefore, the suit is upon an ordinary open account, to which the prescription of three years applies. The learned jurist overlooked the fact that this is not a suit upon a stated account, but a suit for an accounting for fees of the clerk’s office, collected, or which should have been collected, by the clerk, during the period of time beginning January 1, 1920, and ending May 31, 1924, in excess of his salary, as clerk of court, and his office expense allowance, as fixed by Act No. 14 of the Extra .Session of 1918. He received the fees only by virtue of his office and, therefore, in a fiduciary capacity, charged by law with the duty of accounting to the parish for them monthly. In this sense, he was constituted an agent of the parish, by Act No. 14, Ex. Sess. of 1918, to collect the fees of his office and to deposit them in the parish treasury monthly. It is our opinion that the right of the plaintiff to recover from such an agent is barred only by the prescription of ten years if barred at all. It would violate public policy, and to an extent actually disorganize government, to bar a suit against a public official for the recovery of any part of the public money received by him in his official capacity, except upon grounds that do not admit of serious debate. We think that the following authorities, although not directly in point, are more than persuasive of the correctness of our conclusion: Newlin v. New Orleans Public Service, Inc., 168 La. 794, 123 So. 328; Wall v. Colbert, 36 La. Ann. 883; Southern Mut. Insurance Co. v. Pike, 34 La. Ann. 825; Board of School Directors v. Trimble, 32 La. Ann. 793; School Board v. School Board, 36 La. Ann. 806; Prudhomme v. Plauche, 27 La. Ann. 133; Tremoulet v. Cenas’ Heirs, 6 Mart. (N. S.) 541, 17 Am. Dec. 195; Bills v. Pittman, 152 La. 907, 94 So. 439.
 

 The resolution of the police jury of Evangeline parish authorizes a suit for the
 
 *735
 
 recovery of fees of the clerk’s office
 
 collected
 
 by the defendant in excess of his salary and office expenses, and not accounted for by him. The suit filed is for the recovery of certain fees .alleged to have been collected and not accounted for, as well as certain fees earned by the office which should have been collected. 'Whether or not suit for the uncollected fees was authorized by the resolution is not material, at this time, for the allegation with respect to those actually collected was specifically authorized by it, and the petition therefore sets forth a cause of action.
 

 For the reasons stated the judgment appealed from is avoided, and it is now decreed that the exception of no cause of action and the plea of prescription filed in this case are overruled, and the case is remanded to the district court to be proceeded with according to law and the views herein expressed, and the appellee to pay the costs of this appeal.