148 So. 3

### Succession of COPELAND.

No. 31496.

Jan. 30, 1933.

Rehearing Denied May 1, 1933.

Frederick G. Veith, of New Orleans, for appellant Johnston Armstrong.

James G. Schillin, of New Orleans, for appellees Carolyn Thomas and George A. Thomas Lehrton.

ST. PAUL, Justice.

This is an opposition to an executor's account, and involves a long and somewhat involved accounting.

The executor was appointed by the widow; she left the disposable portion of her estate to one of her children, the balance to be divided amongst the three children of the marriage. Her estate consisted of her share in one piece of real estate acquired during the community, some pieces of furniture, and a claim against the executor personally; of which more hereafter.

Her husband, who died long before her, had also left three pieces of real estate, his separate property, of which the widow enjoyed the usufruct during her lifetime in some way not made clear by the record, but of which there is no issue made here.

### I.

After the death of the widow, one of the daughters continued to collect the rent of all four properties; and, because one of the heirs was a minor, it was thought best that all the rents be turned over to the executor, with the understanding that he would account for everything at one time in his final accounting.

The trial judge evidently found that there was such an understanding; because, by including these rents in the executor's account, he (in effect) maintained the plea of the heirs that the executor was estopped from objecting to their calling on him to account for everything at one time. And we see nothing in the evidence, nor has anything been pointed out to us, which leads us to conclude that in this he erred.

We are therefore of opinion that the trial judge properly included the rents in the amount to be accounted for by the executor.

### II.

The trial judge allowed one of the heirs a personal credit of $500, as money advanced by her personally to the executor to pay some debts of the succession. The executor complains that this $500 was part of the rent collected and was not advanced out of the personal funds of this heir. But she swears that it was her personal money; the district judge believed her, and she is not contradicted.

We therefore see no reason for disagreeing with his finding.

### III.

Shortly after her husband's death, the widow advanced to her attorney and friend, the present executor, the sum of $1,500 for investment. It is admitted that there is apparently still due a balance of $662 on this deposit. The executor claims that this amount has really been paid in full, but that for loss of his books and papers he cannot prove the payment. He claims that some short time after the deposit was made it was left with him as a mere personal loan, this converting the relations between himself and the deceased into those of debtor and creditor; and, because of his inability to find his lost accounts, finds himself obliged to plead prescription.

The record is barren of any evidence sufficient to establish with anything like legal cer-

tainty that the deposit was changed into a loan. The trial judge did not find it so, nor can we. Being a deposit for which the depositor owed an accounting, his pleas of prescription cannot avail. The only prescription against an action for a balance due upon accounting is the prescription of ten years, running from the time the accounting was demanded. No accounting was demanded herein until after the death of the widow, and that occurred within the last ten years. Wall v. Colbert, 36 La. Ann. 883.

### IV.

■ There is some suggestion in the briefs that one of the daughters is, in a separate suit, claiming this same sum as due to her personally. That suit is not before us at this time; but this much is certain, that the executor will not be made to pay the sum twice, and by herein joining in the claim therefor on behalf of her mother's succession this daughter has estopped herself from claiming the sum as her own.

### V.

The details of the accounting have been carefully gone over by the district judge. The briefs herein filed throw no light on any supposed errors committed by him, and no such error appears on the face of the record. The account as redrafted by the district judge will therefore be approved. He allowed (without interest)

| | |
|---|---|
| Miss Carrie Thomas (total) | $1,745.51 |
| Mrs. Laura Thomas Lehrton (total) | 644.09 |
| George Thomas Lehrton (total) | 644.09 |
| Total Judgment against executor | $3,033.69 |

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.