ODOM, Justice.
 

 We find in the record the opinion of the trial judge. He has stated the issues in
 
 *709
 
 volved as well as the facts. The opinion in full reads as follows:
 

 “John B. Hill acquired the Southeast Quarter of Section 28, Township 23, Range 16 during his second marriage with Mrs. Martha E. Hill. At his death about 1888 he left seven children, five by his first marriage and two by his second marriage, they being John D. Hill and Ben F. Hill. In 1889 Mrs. Martha E. Hill purchased all of the interests of the children by the first marriage, thus making her the owner of six-sevenths interest in the property, the remaining one-seventh being owned by her two children. Mrs. Hill paid $205.00 for each one-seventh interest purchased by her.
 

 “In 1893 Mrs. Martha E. Hill, executed a deed in favor of her son, John D. Hill, purporting to cover the entire interest in the property, although he already owned, by inheritance a one-fourteenth interest, and Ben F. Hill owned a like interest. So far as the records show this interest of Ben F. Hill has never been divested.
 

 “John D. Hill died in 1900, leaving his widow in community, now Mrs. Dees, and one child, J. F. Hill.
 

 “Ben F. Hill, died in 1927 leaving two children^ the present plaintiffs.
 

 “The present suit is petitory in character against the widow and son of John D. Hill, to recover the above mentioned interest in the property.
 

 “There is no claim made in the answer and no proof that Ben F. Hill or his heirs ever disposed of this interest in the property and therefore they must recover unless the defense made herein should prevail. The defenses made are the prescriptions of ten and thirty years, and estoppel due to their laches.
 

 “At the time of the death of John B. Hill he was living on this property together with his wife, Mrs. Martha E. Hill and their two children. His widow and the two children continued to live there and were all living there together at the time of the transfer to John D. Hill. At that time John D. Hill was married but Ben F. Hill was not, but he married some time between that date and 1896. We do not know just when Mrs. Martha E. Hill died or how long she continued to live on the place.
 

 “At the time Mrs. Martha E. Hill made the transfer to John D. Hill, she was undoubtedly in possession of the property, but as both owner and usufructuary of the interests owned by J. D. and B. F. Hill. Whatever possession she had she transferred to J. D. Hill.
 

 “If there was good faith on the part of J. D. Hill, then the prescription of ten years is applicable, for there was undoubtedly actual possession for a sufficient length of time.
 

 “The argument of counsel for plaintiff as to both prescriptions, is summed up in the brief as follows:
 

 “ When the sale was made, the mother and the two sons were living in the house together and continued to live thereafter in the same house as before. There was no delivery, except the delivery by the Notarial act, which cannot be construed as a delivery of the minor’s interest, because
 
 *711
 
 J. D. Hill is bound to have known that his mother was Tutrix and usufructuary of his minor brother’s interest, as well as his own. He is bound to have known that the possession of his mother as the usufructuary of his father’s interest in the property was a precarious possession and that the character of that possession was “neither legal possession nor the right of prescribing”, Civ. Code, art. 3490. A possession “commenced for another” and “supposed to continue always under the same title.” Civ.Code, art. 3489; Moore Planting Company v. Morgan’s Louisiana & T. R. & S. S. Co., 126 La. 840, 53 So. 22. "A possession held in trust and continued to be held in trust.” Bills v. Pittman, 152 La. 907, 908, 94 So. 439.
 

 “‘Mrs. Martha Hill could convey to J. D. Hill “no greater right of possession than she had," Dew v. Hammett, 150 La. 1094, 1096, 91 So. 523; and J. D. Hill, by switching to himself the possession of a usufructuary of his brother’s interest could acquire no greater right of possession than the mother had, and, under the articles of the Code, could not thereafter change the character of that possession.
 

 “‘J. D. Hill was himself a co-owner with his mother and B. F. Hill and, after the pretended purchase, he remained a co-owner and a co-tenant with B. F. Hill because B. F. Hill’s title was never conveyed, though J. D. Hill accepted a deed from his mother to the entirety of the property. Owning an interest with B. F. Hill, J. D. Hill by taking a deed from his mother to the whole property, did not change his status as co-owner with B. F. Hill; the deed from his mother gave him no better title to the interest he already'had in the property and it gave him absolutely no title to the interest of B. F. Hill. J. D. Hill, therefore, by switching to himself the possession of the usufructuary, established a possession in himself as usufructuary and co-owner and continued that possession with B. F. Hill. Whatever possession J. D. Hill exercised after he got the deed from his mother was the possession for himself and a joint owner. Liles v. Pitts, 145 La. 650, 82 So. 735; Civ.Code, arts. 3441, 3446, 3489, 3490.’
 

 “We think that the case of Liles v. Pitts, cited supra, is decisive of all legal questions involved in this case, as to both prescriptions — ten and thirty years.
 

 “If Mrs. Martha Hill had remained in possession all these years, she could not have successfully pleaded prescription. - If she had sold to J. D. Hill only the interest she actually owned, then J. D. Hill could not so plead prescription. And the same applies to the heirs of J. D. Hill. We think the entire matter rests upon a question of fact, and that is, whether J. D. Hill was in good faith. If he was not in good faith, and knew that he was buying only the interest of his mother, and that the interest of his brother was still outstanding then he is in the same position that he would be in if the deed conveyed only the interest of his mother.
 

 “After listening to all the witnesses in this case and carefully reading the testimony, we feel thoroughly convinced that the recorded instruments do not tell the entire story. What this ‘entire story’ is we
 
 *713
 
 do not know. We realize that good faith is presumed, hut here we have a case where all the parties lived on the property prior to the death of the father; the mother and sons continued to live on it together for several years after the death of the father; both sons are grown or practically so; the succession is opened, showing the ownership. B. F. Hill then moves back on a part of the place, builds a house and claims to own a part of it; there are disputes between the brothers, either over this claim of ownership or money matters growing out of same. We do not attempt to quote all the testimony on this question, but we think a reading of it, taking into consideration the close relationship of the parties, leads to the inevitable conclusion that all parties knew that the property was that of the Estate of John B. Hill, and that all the heirs had an interest in it. We think that J. D. Hill knew that his brother B. F. Hill had an. interest in the property, and he could not be a legal good faith purchaser from his mother, and whatever possession he had was not an adverse possession, but was for himself and his co-owner. His widow and heirs step into his shoes, and are in no better position.
 

 “We think this conclusion disposes of the ten year prescription as well as the thirty year prescription. And neither do we think there is any merit in the plea of es-toppel.
 

 “All mineral sales, taken together, do not cover the interest owned by Mrs. Dees and her son, and therefore the judgment does not disturb these transfers. As to the oil and gas lease, now owned by R. W. Norton and the United Gas Public Service Company, the situation is different, as same covered the entire interest.
 

 “There should therefore be judgment recognizing the plaintiffs as the owners of an undivided one-fourteenth interest in the property and sending them into possession of same.
 

 “T. F. Bell, District Judge.”
 

 We have read the record and find that the facts are as stated by the trial judge. It may be well to add that there is nothing to show that John D. Hill, who purchased the interest of his mother, Mrs. Martha E. Hill, in this 160 acres of land, ever intended to possess, or did possess, as owner the entire interest in the tract. It is definitely shown that his mother remained on the land with her children, John D. and Ben F. Hill, for several years after she sold to John, and that her son Ben, who was a minor when she sold, remained on the land for many years thereafter; and definitely shown that Ben married while living there and that, after he married, he built, or had built, on the tract of land a house for himself which he and his family occupied for a number of years. There is no testimony to show or to indicate that Ben F. Hill did not occupy this property as joint owner with his brother John, and nothing to show or to indicate that John did not recognize his brother Ben as the owner of a fractional interest therein.
 

 The testimony shows that John D. Hill died about the year 1900. He could not have had possession of all the land up to that time, because his brother Ben had built upon it and had lived there. The
 
 *715
 
 house which Ben Hill built on the property burned in 1926, and there are “vestiges” of it there yet. Civ.Code, art. 3502.
 

 We concur in the view expressed by the district judge that John D. Hill must have known and recognized that his brother Ben owned an interest in this property and therefore did not possess it in good faith and as owner.
 

 Defendants’ answer (paragraph 10) shows that there was some question about John D. Hill’s ownership of another interest in this land, for it is alleged that, on November 17, 1931, Etta Rayburn, Pink Boydston and Cleamer Lee Ratcliff conveyed to J. F. Hill and Mrs. Sallie Dees, two of the .defendants in this suit, all of their rights, titles, and interest in and to this same property. A reading of the deed referred to shows that one of the first Hill children died leaving minors, and that their interest was sold to Mrs. Martha E. Hill by their father as tutor, and that there was some question as to the validity of the title which he conveyed. The deed recites that other heirs had previously ratified the sale. Just when the question as to the validity of this title arose is not stated in the deed, nor do we find in the record any evidence as to when the sale was ratified.
 

 The trial judge has, in our opinion, correctly stated the law applicable to this case.
 

 'For the reasons assigned by the trial judge, which we approve as correct, and for-the additional reasons stated by us, the Judgment appealed from is affirmed.
 

 HIGGINS, J., absent.