No. 8816.

ALFRED LITTON ET AL. VS. HIRAM LITTON.

Where land has been occupied by an heir in the presence of his co-heirs for many years without objection, and he has paid the taxes upon it, improved it, and protected it from a claim of a stranger; in a suit by the co-heirs for the land and rents, his reconventional demand for reimbursement of taxes, etc. will be liberally allowed. and while the plaintiffs get judgment for the land, the defendant shall have judgment for whatever may have been of benefit thereto.

APPEAL from the Eleventh District Court, Parish of Sabine. *Pierson*, J.

*J. F. Smith* for Plaintiffs and Appellants.

*Chaplin, Cunningham & Chaplin* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J. This action is for the recovery of two tracts of land, which may be designated as the Litton and Beckham tracts, in Sabine parish. The defendant disclaimed ownership of the Beckham tract so that the controversy was confined to the other. There was also a claim

for rents, and the defendant recovered for taxes paid, for improvements, and for expenses incurred in defending a suit of one Patterson for the land.

The tract in controversy belonged to John Litton who died in 1839. The plaintiffs and the defendant are his heirs. The prescription of thirty years is pleaded. The defendant first went into possession more than thirty years before the institution of this suit in 1877, but he moved away from it twice, and his possession has not therefore been continuous, and besides he has acknowledged the co-ownership of the plaintiffs several times and in various ways during his possession. No complaint was ever made of his exclusive possession of the land, or of his use of a few acres for tillage. One Patterson sued for the land in or about 1871, and Hiram defended the suit, calling in vain on his co-heirs to defray their shares of the expenses. One of them paid his quota after the suit had been gained. The defendant built a dwelling upon it many years ago, which seems partially to have gone to decay. No suggestion of rents being due was ever made until this suit was brought, and the parties lived in the neighborhood, and were fully cognizant of the use their co-heir was making of the land. The tract is not valuable, and a fair rent for it would be insignificant.

During the whole of this occupancy, the plaintiffs never troubled themselves about the taxes. The defendant paid them. He has produced receipts for several years. The plaintiffs do not pretend to have paid any taxes at any time.

He occupied the land before their eyes, improved it, paid all charges upon it, and preserved it from the adverse claim of Patterson through the law suit without their aid. They never evinced any desire to claim their patrimony until near forty years after their ancestor's death. They are entitled to it now, but the excessive claim they make for rents does not deserve the same consideration.

The district judge knows the locality and the surroundings well. He knows the witnesses and heard them, and made an estimate from their evidence of what was due pro and con, and after allowing such modicum for rents as could fairly be claimed, and ascertaining what the defendant had paid for taxes, for defending Patterson's law suit, and for the present value of the improvements, he struck a balance in favour of the defendant of four hundred and fifty-four dollars and fifty-eight cents and gave him judgment for that same, and to the plaintiffs judgment for the land. His judgment commends itself to our approval. It deals even-handed justice.

Judgment affirmed.