(60 South. 232.)

No. 19,301.

JENKINS et al. v. SVARVA.

(Dec. 16, 1912.)

*(Syllabus by the Court.)*

ADVERSE POSSESSION (§ 64*)—PRESCRIPTION —EFFECT OF DONATION OMNIUM BONORUM.

The nullity of a donation omnium bonorum presents no obstacle to the subsequent acquisition of the property by a third person by the prescription of 10 years, where the validity of such prescriptive title does not depend on the validity of the donation.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 358–364; Dec. Dig. § 64.*]

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by W. J. Jenkins and others against Carl Svarva. From a judgment for defendant, plaintiffs appeal. Affirmed.

Hall & Jack, of Shreveport, for appellants. Murff & Mabry and Thigpen & Herold, all of Shreveport, for appellee.

LAND, J. This is a suit to recover a two-thirds interest in a tract of 60 acres of and in the possession of the defendant, and to annul two acts of donation, the one by W. J. Jenkins, of date January 17, 1884, and the other by E. L. Jenkins, of date December 2, 1884, to their sister, Mrs. Mary V. Wright, the owner of the other one-third interest; the three parties having inherited the tract of land from their mother, Mrs. E. J. Jenkins, and their brother, James Jenkins, who died intestate and without issue after the death of their mother.

The plaintiffs allege that the said donations were and are null and void under article 1497 of the Civil Code, because the donors reserved nothing for their support, and that the defendant is a possessor in bad faith, claiming title under said donations, and owes rents and revenues at the rate of $100 per annum.

For answer the defendant, after pleading the general issue, admitted his possession of the land described in the petition, and averred that he was the owner thereof. Defendant further answered as follows:

"Defendant admits that two-thirds interest in said property was donated by plaintiffs to Mrs. Mary V. Wright in 1884, and avers that he holds title through mesne conveyances from said Mrs. Wright.

"Further answering, defendant avers that he and his vendors in title acquired said property in good faith and on the faith of the public records, and that he and his vendors in title have been in possession of said property in good faith under titles legal and sufficient to transfer said property for a period of more than 10 years.

"Wherefore, defendant pleads the prescription of 10 years in bar of plaintiff's right to recover herein.

"Defendant prays that plea of prescription be sustained, and that plaintiff's suit be dismissed and the demands rejected, and for costs and general relief."

There was judgment for defendant sustaining the plea of prescription of 10 years, and rejecting plaintiffs' demands. Plaintiff appealed. Defendant has filed in this court a specific plea of prescription of 10 years acquirendi causa.

The two donations inter vivos were made "for love and affection," and "with full guar-

antee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property conveyed." There is nothing on the face of the acts to suggest that the donations were omnium bonorum.

On December 2, 1884, Mrs. Wright, the donee, sold the property to A. W. Dauer, who on July 23, 1886, sold to H. N. Boudet, who willed to his wife, Mrs. Julia Boudet, who on February 24, 1887, sold to Robert and John Johnson, who, by sale under execution, on December 13, 1890, sold to F. J. Leche, who on December 16, 1893, sold to Andrew Estes, who on August 21, 1911, sold to the defendant, Carl Svarva. Mrs. Wright sold the property for $300, and its increase in value is of recent date.

It is admitted that A. W. Dauer and all those purchasing under him through mesne conveyances down to the present time have had actual possession, and cultivated a portion of the property in dispute.

The evidence shows that the plaintiffs have never had at any time any other property than that included in the two donations to their sister, Mrs. Mary V. Wright.

Plaintiffs rely upon article 1497 of the Civil Code, which reads as follows:

"A donation shall in no case divest the owner of all his property; he must reserve for himself enough for subsistence; if he does not do it, the donation is null for the whole."

It is admitted by counsel for defendant that the donations were null, but they contend that the defendant has acquired a good title to the property in dispute by the prescription of 10 years. See Civil Code, arts. 3458, 3478, et seq. Defendant's prescriptive title has all the essentials required by law, such as good faith, a just title, and actual possession as owner for more than 10 years. "Good faith is always presumed in matters of prescription." Civil Code, art. 3481. Plaintiff's counsel per contra contend that the do-

nations in question are absolute nullities, incurable by prescription of any kind.

It has been held that the action to annul a donation inter vivos in consequence of the donor's not having reserved property enough for his subsistence is not prescribed by five years. Lagrange v. Barre, 11 Rob. 302; Vaughan v. Christine, 3 La. Ann. 329. The same ruling was made in case of a prohibited substitution. Provost v. Provost, 13 La. Ann. 575. In Ackerman v. Larner, 116 La. 101, 40 South. 581, this court held that such a donation can acquire no validity either by lapse of time or by ratification, and that the action of the donor to annul it and to recover his property is not barred by the prescription of five or ten years. In Beaulieu v. Monin, 50 La. Ann. 732, 23 South. 937, the right of action to annul such a donation was enforced against a purchaser in good faith.

Conceding that an action to annul a donation omnium bonorum is not prescriptible, does it follow that the property donated cannot be acquired by third persons by prescription? We think not. The donation being null, the legal title remains in the donor, and he occupies no better position than any other property owner. If the donor stands by, silent and inactive, and permits a third person to take and hold adverse possession of the property, he, like any other owner, takes the chances of such adverse possession ripening into a legal title. The nullity of the donation does not prevent a third person from acquiring the property by the prescription of 30 years based on adverse possession alone, nor does it prevent a third person from acquiring the property by the prescription of 10 years, based on a title translative of property, and on adverse possession. In neither case does the validity of the title of the possessor depend on the validity of the donation.

The article which plaintiff invokes must be construed in connection with other ar-

ticles of the Civil Code which provide that the ownership of property may be acquired by prescription.

Donors are not excepted from the rules governing prescription acquirendi causa, and there are no just reasons why they should be. In this age of record titles, nullities in donations, based on facts en pais, should not be extended by construction so as to defeat titles acquired by prescription.

Judgment affirmed.