a charge based on a special defense not supported by the evidence.[4]

For the reasons assigned, the judgment and conviction are affirmed.

81 So.2d 863

Russell J. ALBA et al.

v.

J. Louis SMITH.

No. 41879.

June 30, 1955.

Adrian D. Schwartz, Covington, for appellants.

Dalton J. Barranger, Covington, for appellee.

FOURNET, Chief Justice.

The plaintiffs, Russell J. Alba, Charles G. Alba, and Oswald G. Alba, claiming to be owners in indivision in the proportion of a 4/15ths interest each in Lots 1 and 2, Square 22 of the Division of St. John of

---

the Town of Covington, instituted suit for partition, naming as defendant J. Louis Smith, said to be the owner of the remaining $\%_{15}$ths interest; in answer the defendant denied that the plaintiffs have any ownership, claiming that he acquired the property on June 1, 1918, and has possessed it openly and continuously as owner for more than thirty years as a place for storage of lumber and building materials,[1] or, in the alternative, that he has owned one-half of the property for ten years in good faith by just title through an act of sale dated June 1, 1918, under which he purchased from Lizzie Harvey, widow of George Harvey, Jr., in the honest belief that he was acquiring her community interest. From a judgment in favor of the plaintiffs, recognizing them and the defendant as owners in indivision in the proportions claimed in the petition and ordering the sale of the property to effect the partition, the defendant has appealed.

The plaintiffs and defendant trace title to the same source, one George Harvey, who purchased the property in the year 1870 from Mrs. Margaret Gaham, wife of John J. Warren; it fell into the community of acquets and gains existing between George Harvey and his wife, and formed part of the real property which,

following their deaths, was divided among their forced heirs in an amicable settlement of their successions by a Partition dated November 11, 1887, and duly recorded. In the said agreement the land which is the subject of this litigation became the share of the children of a deceased son, George Harvey, Jr., and was received by his widow, Lizzie Harvey, on behalf of the children.[2] The premises were occupied as their home for a number of years, and in 1909 Lizzie and two of her daughters moved to New Orleans. The defendant's claim of ownership to the property is founded on a private act of sale, dated April 5, 1918, a copy of which was recorded some two months later (July 1, 1918), in which "Lizzie Grey, widow of George Harvey, Jr., deceased," sold the two lots to the defendant, describing them as "Being the same property which was acquired by George Harvey, Jr., by purchase from William Warren more than forty years ago * * *. Which said property was so acquired by said George Harvey, Jr., during his marriage with this vendor and is a part of the community of acquets and gains existing between this vendor and her said husband." Lizzie Grey Harvey died in September of 1921.

---

1. Although a house formerly stood on the two lots, it was removed long ago and the land has been vacant and unimproved for more than thirty years; it is across the street from a hardware and building supply business conducted by the defendant.

2. The exact recitation found in the deed is: "Third—the said Lizzie Harvey for her children by the said Geo. Harvey, Jr. did receive the following property, to-wit: Lots Nos. 1 & 2 in square No. 22 Division of St. John, Town of Covington, said Parish and State * * *."

Thereafter, according to the record, the descendants of George, Jr. and Lizzie Harvey disposed variously of their interest in the property—one of their children, Walter Harvey, having sold all his right, title and interest to the defendant by act of sale dated July 17, 1928, and the remaining four children or their descendants having sold their undivided interest therein to Edward Alba by deed of February 4, 1948. By judgment of Court dated November 5, 1951, the children of George, Jr. and Lizzie Harvey were recognized as their heirs, and they or their descendants were put into possession of an undivided one-fifth interest each in the disputed property, subject to the sales, respectively, to the defendant by Walter Harvey, and to Edward Alba by the remaining heirs. Following the death of Edward Alba, the plaintiffs, his brothers, were recognized as his legal heirs and sent into possession of his estate in the proportion of an undivided one-third to each.

The defendant-appellant, having abandoned the claim that he owns the property by virtue of having had possession openly, continuously, and without interruption for more than thirty years, asserts his right to an undivided 9/10ths interest, resting his claim to one-half (or 5/10ths) upon a title translative of property by purchase from Lizzie Harvey under the belief that he was buying her half interest in community property, coupled with his asserted good faith possession for a period of more than ten years; and his claim to an additional 1/10th by purchase from Walter Harvey—on the theory that the five children of George, Jr. and Lizzie Harvey owned only a half interest.

■ Our learned brother below, in disposing of these contentions adversely to the defendant, gave well considered reasons in which he carefully analyzed all of the evidence and properly applied the law. The rationale of his opinion was that while, without doubt, the defendant owned a one-fifth interest by purchase from Walter Harvey in 1928, he owned no more, since he could not claim, as a basis for ten year possession in good faith under a deed translative of title,[3] the sale from Lizzie Harvey to him in 1918 because he could not have honestly believed the property belonged to her at the time of the sale for several reasons: (1) the defendant, according to his own testimony, had looked up the title, which must have disclosed the recorded act of partition among the heirs of George Harvey, Sr., and the ownership in the children of Lizzie and George, Jr.; (2) the deed, prepared by the defendant's attorney, though purporting to convey the whole property, recited that it formed part of a community, which of itself was suf-

3. Article 3478 of the LSA–Civil Code of Louisiana provides: "He who acquires an immovable in good faith and by just title prescribes for it in ten years. * * * *"

ficient to apprise the defendant that it was impossible for him to possess the whole of the property as owner under the circumstances; and (3) he recognized the outstanding title by his attempts, as early as 1914 or 1915 (according to the testimony) to buy the property from the heirs. The Court further observed that defendant never at any time possessed the property as owner, but said that if he did, a letter dated April 7, 1924, addressed by him to one of the heirs, stating that he would pay $25 a year for the lease of the property for the purpose of storing his lumber thereon, constituted an admission that title was in another and had the effect of interrupting any prescription that might have begun to run in his favor;[4] nor could prescription have again begun to run after the last such yearly rental payment in 1929 because meanwhile, in 1928, the defendant had purchased the interest of Walter Harvey and prescription does not apply as between co-owners.[5]

We consider it unnecessary to enter into a detailed review of the record since the evidence, both documentary and testamentary, abundantly supports the conclusions reached by the trial judge, in which he is upheld by the authorities relied on.

For the reasons assigned, the judgment appealed from is affirmed.

---

4. The correctness of the trial judge's conclusion is, we think, supported by another of defendant's letters addressed to the same party and written after his purchase of Walter Harvey's interest, wherein the defendant stated: "I have written you several times, and made you and the rest of your mother's heirs an offer on the two lots you own here in Covington. * * * In the event I do not hear from you in a very short time, I am going to turn this matter over to my lawyer, and sue for a partition of this property. * * *"

5. See Simon v. Richard, 42 La.Ann. 842, 8 So. 629; Liles v. Pitts, 145 La. 650, 82 So. 735; Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369; Lee v. Jones, 224 La. 231, 69 So.2d 26.