273 So.2d 863 (1973)
Edward A. GIVENS, IV, Plaintiff-Appellant,
v.
Genevieve GIVENS, Widow of E. C. Givens, Defendant-Appellee.
No. 12020.
Court of Appeal of Louisiana, Second Circuit.
February 6, 1973.
Rehearing Denied March 6, 1973.
Writ Refused April 19, 1973.
*864 Bruscato & Loomis, by Albert E. Loomis, III, Monroe, for plaintiff-appellant.
Campbell & Adkins, by Kenneth W. Campbell, and Richard R. Storms, Ruston, for absent heirs.
Percy, Macmurdo, Gray & Eaton, by J. H. Percy, Jr., Baton Rouge, for defendant-appellee.
Before PRICE, HEARD and HALL, JJ.
En Banc. Rehearing Denied March 6, 1973.
*865 HALL, Judge.
This suit was instituted to set aside an act of sale dated December 31, 1930, from Mrs. C. A. Givens to her son Earl C. Givens. The plaintiff, Edward A. Givens, IV, is the son of another child of Mrs. C. A. Givens and the defendant is Mrs. Genevieve Givens, widow and universal legatee of Earl C. Givens. The sale in question involved 420 acres of land in Lincoln Parish, together with all livestock, movable property and farm equipment located thereon.
Plaintiff alleges he is the owner of an undivided one-half interest in the property through inheritance and mesne conveyances from other heirs of Mrs. C. A. Givens. He also alleges the purported sale by Mrs. C. A. Givens to Earl C. Givens was a nullity because it was a donation omnium bonorum prohibited by LSA-C.C. Article 1497 which provides:
"The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole."
In response to plaintiff's petition, defendant filed a peremptory exception of prescription, pleading acquisitive prescription of ten and thirty years.
The case was tried on the plea of prescription only. For purposes of deciding the plea of prescription it was assumed that the transaction between Mrs. C. A. Givens and Earl C. Givens was a donation omnium bonorum. The district court, in a well-reasoned written opinion, found defendant and her husband had been in actual, open, adverse possession of the property for more than thirty years, sustained the defendant's plea of thirty years acquisitive prescription, and recognized defendant as owner of the property in question. Plaintiff perfected this devolutive appeal. We affirm the judgment of the district court.
The excellent and authoritative briefs of counsel for both parties frame two basic issues of law for decision on this appeal. First, can a donee and his universal legatee under an invalid donation omnium bonorum acquire the donated property by thirty years acquisitive prescription based on possession adverse to other heirs of the donor? Second, can the recording of a deed which is actually an invalid donation omnium bonorum serve as notice to the other co-owners that the donee-possessor is possessing adversely to their interest so as to constitute an exception to the general rule that one co-owner cannot prescribe against his co-owners? We hold the answer to both questions is in the affirmative.
The plaintiff correctly contends that a donation omnium bonorum as defined by LSA-C.C. Article 1497, supra, is a nullity and that a suit to set aside such a transaction is imprescriptible and can be brought at any time. Lagrange v. Barre, 11 Rob. 302 (La.1845); Kirby v. Kirby, 176 La. 1037, 147 So. 70 (1933); Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400 (1922); Magee v. Stacey, 223 So.2d 194 (La.App.3d Cir. 1969).
Plaintiff further contends that to allow the donee, or one standing in his shoes, to acquire the donated property by acquisitive prescription would, in effect, abrogate the provisions of Article 1497 and the cited cases holding an action to annul a donation omnium bonorum to be imprescriptible.
There is no conflict between Article 1497 and the jurisprudence thereunder and the articles of the Civil Code dealing with acquisitive prescription, nor does Article 1497 constitute an exception to the articles on acquisitive prescription. For the primary purpose of lending stability to land titles, the Civil Code provides for the acquisition of title to land based on adverse possession. Articles 3475, 3499 and 3500 provide:
"Art. 3475. Immovables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not."

*866 "Art. 3499. The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
"Art. 3500. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
Here, defendant's claim to ownership is based on possession for thirty years under Articles 3475, 3499 and 3500. Her claim to title or ownership is not based on any rights flowing from the donation omnium bonorum, which is condeded to be an absolute nullity. In recognizing defendant's ownership based on thirty years acquisitive prescription, no violence is done to the jurisprudential rule that an action to annul an invalid donation omnium bonorum may be brought at any time.
The acquisition of title by thirty years possession necessarily presupposes the termination of all rights flowing from the former ownership of the party or parties against whom the adverse possession operated.
The effect of Article 1497 is no more diminished by application of the articles on acquisitive prescription than would be the effect of any other provisions of law stipulating rights flowing from ownership which are necessarily no longer effective when ownership becomes vested in another by reason of acquisitive prescription.
The fact that the donee originally went into possession under an invalid conveyance or that the donee was not in good faith is of no importance under the rules relating to thirty years prescription. In fact, thirty years prescription specifically contemplates and applies to the situation where there is no valid deed translative of title and "good faith" on the part of the possessor is not required.
Plaintiff cites Jenkins v. Svarva, 131 La. 749, 60 So. 232 (1912) as authority for his position that the donee, or one standing in his shoes, as distinguished from a third person, cannot assert acquisitive prescription in defense of an action to set aside a donation omnium bonorum under Article 1497. In Jenkins, the defendant was a third party purchaser under a chain of conveyances emanating from the original donee. The court sustained defendant's plea of ten years acquisitive prescription based on good faith possession under a deed translative of title. Plaintiff seeks to derive comfort from language of the court holding that a "third person" could successfully assert the plea of prescription, indicating, according to plaintiff, that the donee or one in his shoes could not do so. Plaintiff's analysis attempts to read into Jenkins an implication that does not exist. There the court was dealing with a "third person" and with a plea of ten years prescription. The court was not presented with the issues involved in the instant case on a plea of thirty years prescription and did not consider or pass on the issue presented here. The Jenkins case is, however, authority for defendant's position here that his title rests on adverse possession, not the validity of the donation, and that the imprescriptibility of the action to annul the donation does not mean that the property cannot be adversely acquired by acquisitive prescription. The rationale of Jenkins is that the donor, who remains the owner because the donation is null, occupies no better position than any other owner. It follows that the donee, who has no claim to title based on the null donation but whose sole claim must necessarily be based on possession, is in no worse position than any other adverse possessor.
The record clearly supports the district court's factual finding that Earl C. Givens and his wife were in actual, open possession of the property for more than thirty years. Plaintiff does not complain of this factual finding on appeal. We hold that nothing in Article 1497 or the jurisprudence thereunder bars acquisition of ownership by defendant under thirty years acquisitive prescription based on possession. It follows that defendant has acquired title by prescription, unless as further contended by *867 plaintiff, the general rule that one co-owner cannot prescribe against his co-owners is applicable here.
The well-settled jurisprudential general rule is that an owner in indivision cannot acquire by prescription the rights of his co-owners in the property held in common. Possession by one co-owner is generally considered as being exercised on behalf of all co-owners. Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369 (1950); Hill v. Dees, 188 La. 708, 178 So. 250 (1937); Dew v. Hammett, 150 La. 1094, 91 So. 523 (1922); Simon v. Richard, 42 La.Ann. 842, 8 So. 629 (1890); Litton v. Litton, 36 La. Ann. 348 (1884); British American Oil Producing Company v. Grizzaffi, 135 So.2d 559 (La.App.1st Cir. 1961); Atlantic Refining Company v. Golson, 127 So.2d 341 (La.App.2d Cir. 1961); Demarco v. Duplantis, 88 So.2d 735 (La.App.1st Cir. 1956).
It is equally well-settled that an exception to the foregoing general rule is recognized in those instances wherein the adversely possessing co-owner gives notice to the other co-owners that he intends to possess contrary to the common interest. Under such circumstances one owner in common may prescribe against a party owning in indivision with him provided such possession be clearly hostile and notice be given thereof. Arnold v. Sun Oil Co., supra; Liles v. Pitts, 145 La. 650, 82 So. 735 (1919); Ethredge v. Watts, 137 La. 686, 69 So. 95 (1915); British American Oil Producing Company v. Grizzaffi, supra; Gill v. Robinson, 11 Orleans App. 226 (1914).
In determining whether a particular case falls within the exception rather than the general rule it has been held that mere occupancy, use, payment of taxes and similar acts of possession will not suffice to constitute notice of adverse possession to an owner in common. Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481 (1957); Alba v. Smith, 228 La. 207, 81 So.2d 863 (1955); Lee v. Jones, 224 La. 231, 69 So.2d 26 (1953); British American Oil Producing Company v. Grizzaffi, supra; Banks v. Yarborough, 104 So.2d 283 (La.App.2d Cir. 1958).
However, a solid line of cases has developed the rule that where a co-owner goes into and continues possession under a recorded instrument apparently conveying title (even though the purported conveyance be invalid), the recorded instrument together with the acts of possession constitute notice to other co-owners and the possession is then regarded as hostile to the claims of the other co-owners, rebutting any presumption that possession is for the benefit of all co-owners. Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963); Allen v. Paggi Brothers Oil Company, 244 So.2d 116 (La.App.3d Cir. 1971); Dupuis v. Broadhurst, 213 So.2d 528 (La.App.3d Cir. 1968); Detraz v. Pere, 183 So.2d 401 (La.App.3d Cir. 1966); Continental Oil Company v. Arceneaux, 183 So.2d 399 (La. App.3d Cir. 1966)
In a concurring opinion in Succession of Seals, supra, Justice McCaleb pointed out that although a co-owner's possession is normally regarded as precarious, there is a distinction where the co-owner goes into possession of the property not as co-heir or co-owner but as sole owner thereof under a title translative of the property notwithstanding the title itself does not support ownership.
The concurring opinion stated:
"A distinction should be recognized, I think, between a case like this, in which a co-owner pleading 30-year acquisitive prescription takes initial possession under a deed translative of the property, albeit invalid, and a case in which a co-owner enters possession of the whole without a paper title and without clearly indicating to the other co-owners that he intends his possession to be hostile to their interests...."
In Detraz v. Pere, supra, a co-owner went into possession under an invalid administrator's sale. In Continental Oil Company v. Arceneaux, supra, a co-owner went *868 into possession under an invalid simulated sale. In both cases the court sustained pleas of thirty years prescription, holding that the co-owner's possession under the invalid deeds was hostile to the claims of his co-owners. In Continental, quoted with approval in Detraz, the court held:
". . . Where, as here, one co-owner goes into and continues possession by reason of a deed translative of title, even though the deed be invalid and the possession be in bad faith, the co-owner's possession ordinarily is then regarded as hostile to any claim of his co-owners and as normally rebutting any presumption that he was possessing for his co-owners as well as himself. Succession of Seals, 243 La. 1056, 150 So.2d 13."
The court also sustained a plea of thirty years acquisitive prescription in Dupuis v. Broadhurst, supra, where the co-owner went into possession under a partition deed. In discussing the effect of the instrument, the court stated:
"This argument, while persuasive, overlooks that the thirty years' prescription of Civil Code Article 3499 (the one at issue here) is founded upon possession, not upon a deed translative of title. A deed translative of title is an essential element of the shorter ten-year prescription of Civil Code Article 3478 at issue in the cited decisions, see, e.g., Article 3479. To the contrary, however, no deed at all is required for title to be acquired by the longer thirty years open and adverse possession, Civil Code Articles 3500-3503, with the normal function of any title deed being merely to show the extent of possession claimed, see, e.g., Civil Code Article 3437.
"Under the rationale of the Succession of Seals, a deed showing the extent of undivided possession is not any essential basis of prescriptive title by thirty years' adverse possession. The function of the instrument is simply to serve as an overt manifestation that a co-owner exclusively possessing is doing so by virtue of his claim to exclusive ownership. It is simply objective evidence that he thus possesses adversely to those who may claim to be his co-owners.
"When one is possessing as owner of an exclusive interest any land by virtue of recorded instruments, we can perceive no essential reason why the possession should be regarded as any less adverse when the instrument by which the claim to exclusive ownership is openly asserted is a partition rather than a conveyance. Either instrument, when coupled with actual and open adverse possession for thirty years, negatives at least prima facie any otherwise-allowable presumption that the owner is also possessing for those who during this extended period of time may have silent claims to co-ownership (even though they do not overtly contest the possessor's assertion of full title through his undisturbed and open dominion over the property as its owner and his unopposed use of the land's fruits and products)."
Plaintiff in the instant case argues that to hold the recording of the donation constituted notice of adverse possession is to, in effect, base defendant's title on an instrument which is an absolute nullity, giving the donation effect where the law says it should have none. Not so. Defendant's title is based on possession only. The only effect given to the invalid donation is as an evidentiary fact bearing on notice of the nature of possession by defendant and her husband.
We hold that the recording of the act of sale, which was, in fact, an invalid donation omnium bonorum, coupled with the actual acts of possession exercised by the donee, clearly evidenced an intent on his part to possess as owner for himself alone and constituted notice thereof to the co-heirs or co-owners. The acts of possession included enclosing the entire property by boundary markers and fences, payment of all taxes on the property, renting and cultivating the land through tenants *869 and sharecroppers, donating part of the property to a church, selling part of the property, granting leases and rights of way, raising cattle, planting pine trees, and other similar acts continuously from 1931 until the present time. Additionally, the record reflects various lawsuits to which some of the other heirs were parties in which Earl C. Givens asserted title as owner exclusive of the other heirs. See Givens v. Arcadia Cotton Oil & Mfg. Co., 175 So. 91 (La.App. 2d Cir. 1937); Givens v. Arcadia Cotton Oil & Mfg. Co., 160 So. 845 (La.App.2d Cir. 1935); E. C. Givens v. First National Bank of Arcadia, Louisiana, 18 La.App. 232, 137 So. 908 (La.App.2d Cir. 1931).
The possession on which defendant's plea of prescription was founded was public, unequivocal, continuous and uninterrupted for more than thirty years, with notice to the co-owners of the hostile and adverse nature of such possession. Defendant's plea of thirty years acquisitive prescription was correctly sustained and defendant was properly recognized as owner of the property in dispute.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs. The immovable property affected by this judgment is described as follows:
East Half of Northwest Quarter (E ½ of NW ¼); and the Northeast Quarter of Southwest Quarter (NE ¼ of SW ¼); and the Southeast Quarter (SE ¼) of Section Twenty-Three, Township Eighteen North, Range Five West; and the East Half of Northwest Quarter of Northeast Quarter (E ½ of NW ¼ of NE ¼); and the Southwest Quarter of the Northeast Quarter (SW ¼ of NE ¼); and the East Half of Northeast Quarter (E ½ of NE ¼) of Section Fifteen, Township Eighteen North, Range Five West, Lincoln Parish, Louisiana. Less and except the Southeast Quarter (SE ¼) of Section Twenty-Three, Township Eighteen North, Range Five West, sold by E.C. Givens to Stacey B. McGuire and Will McGuire on February 12, 1946, recorded in C. O. B. 28, page 383 and COB 2S, page 384 of the records of the Clerk of Court, Lincoln Parish, Louisiana; and less and except any servitudes executed by E. C. Givens on the above described property.
Affirmed.