WATSON, Judge.
Plaintiff filed this suit, entitled, “Petition for Partition by Licitation”, contending that she is the owner of an undivided interest in a ten acre tract of land. Plaintiff alleges that she is the owner of either an undivided one-sixth interest in the property, or, in the alternative, that she is the owner of an undivided ?Í6oth interest in the property. Made defendants are Lambert Lemoine, Huey Lemoine and Burton Le-moine, the latter an absentee domiciled in the State of Arkansas, all alleged to be the heirs of petitioner’s deceased brother, Wade Lemoine. Plaintiff sets forth in her petition the basis for her claim of ownership of the property; alleges that she and defendants are unable to agree upon a non-judicial partition; and alleges that the property is not susceptible of being divided in kind. Plaintiff prays for a partition by licitation. Counsel for defendants filed a “Peremtory Exception of No Right and No Cause of Action”, alleging that plaintiff’s petition does not establish her ownership of the property in qrtestion and that she therefore has no right or cause of action for partition.
The trial court sustained the exceptions of no right of action and no cause of action and dismissed plaintiff’s suit without prejudice. The trial court cited Broussard v. Allen, 198 La. 475, 3 So.2d 742 (1941), as authority for the proposition that the action of partition will not lie until the respective interests of the parties have been determined or adjudicated and that an action for partition is premature pending that determination.
Plaintiff has appealed, contending that the trial court erred in sustaining defendants’ exceptions and dismissing her suit.
We disagree with the application of Broussard v. Allen, supra, to the facts of the instant case. In that case it was indicated that there were parties owning interests in the land who were not made parties to the partition suit. Further, the court in Broussard v. Allen, supra, held that the suit for partition was premature because a petitory action in connection with the same land was pending at the time. That is not the situation here.
 In the instant case plaintiff sets forth the basis for her ownership of the property in question. Her alternative plea is based on the fact that a deed is of record which purports to convey part of her interest in the property, although she alleges that her name does not appear therein; that she received no consideration therefrom; and that she does not remember signing the deed in question. She contends that, even if the deed is found to convey a portion of her interest in the property, she still owns a x%6oth interest. Although it is correct that one seeking a partition must allege the basis of his ownership, this does not, in our opinion, prevent plaintiff from setting forth alternative pleas as to the nature and basis of such ownership. It is only the facts giving rise to that ownership which must be pleaded, and we feel that plaintiff herein has met that burden. Alternative causes of action are allowed by LSA-C.C.P. art. 892. While LSA-C.C.P. art. 3657 provides that petitory and possessory actions may not be cumulated in the same suit or pled in the alternative, this article does not apply to a suit for partition.
In Alba v. Smith, 228 La. 207, 81 So.2d 863 (1955), a defendant in a partition action made alternative pleas, and the Supreme Court determined that he in fact owned a %5ths interest in the land in question. In point here is Noel v. Noel, 244 So.2d 73 (La.App. 1 Cir. 1971) where plaintiff in a suit for partition made alternative pleas, and the appellate court reversed the trial court which had sustained an exception of no cause of action.
Defendants’ counsel argues in brief that they are in possession of the disputed tract *586 of land, but there is nothing in the record to prove or disprove this contention.
Applicable to this situation is the case of Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800 (1904), in which the Supreme Court stated:
“ . . . where, as in this case, the plaintiff in the suit alleges, as he is bound to allege, that he is part owner of certain property, sets up, as he is bound to set up, title thereto, and asks that the court, recognizing his ownership, will order that the property be divided between him and those whom he sues, he challenges the latter for all the purposes of the case, and they have no choice in the matter, but must come into court and then and there meet the issues tendered, including the issue of ownership vel non in the plaintiff, which they find upon the threshold. It has been held by this court that the right of a party assailed in a petitory action to inquire into the validity of the proceedings under which the party attacking acquired title can admit of no doubt (Cronan v. Cochran'et al, 27 La.Ann. 170), and the rule, and the reason for it, are equally applicable in actions for partition.” 36 So. 802.
Also in point is Olla State Bank v. Noah, 236 La. 6S9, 109 So.2d 48 (1959) where there was a partition by licitation and a dispute as to whether or not the property was to be divided in the proportions set out in the original partition, because of a subsequent sale of a one-sixth interest allegedly made on the basis of a fraudulent representation. The court held that the determination of which party was entitled to receive the disputed one-sixth of the proceeds from the sale was a matter incidental to the partition and was correctly determined by the trial court at a trial on the merits. Here, plaintiff contends that she is entitled to a certain portion of property if a deed for which she received no consideration is held to have conveyed part of her interest and a larger fractional portion if the deed is found invalid as to her interest. It would seem that this is a question to be decided incidental to the partition and should have been tried on the merits.
In Bickham v. Pitts, 185 La. 930, 171 So. 80 (1936), the Supreme Court pointed out:
“It is true, as counsel state, that in partition suits it is necessary that the respective interests of all parties be determined and fixed, and true also that ownership is the basis of the action of partition. This court has several times held that a plaintiff, in order to support his action for partition, must prove his own title, must cite and bring into court all adverse claimants, and that, before the partition is completed, the court must determine definitely the respective interests of the adverse parties.” 171 So. 83.
In Norah v. Crawford, 218 La. 433, 49 So.2d 751 (1950) the court stated:
“[8] Ownership of an interest is a necessary pre-requisite to an action in partition, and is an issue necessarily presented in such a proceeding. Samuels v. Parsons, 146 La. 262, 269, 83 So. 548.
jfc * * * *
“[9, 10] The allegation of ownership of an interest is fundamental and essential to an action of partition. It often has been held that the question of title may be put at issue in a suit for partition. This holding is clearly expressed in Dur-bridge v. Crowley, 43 La.Ann. 504, 9 So. 95.” 49 So.2d 755.
It was held in Succession of Fontenot v. Demaret, 185 So.2d 861 (La.App. 3 Cir. 1966) that plaintiff was entitled to maintain an action for partition even though he did not allege the exact interest owned. This court stated therein:
“ . . . it is not necessary or required that a judicial determination of the exact interest which each party owns in the property be made before an action for *587 partition may be maintained by one of' those parties.” 185 So.2d 863.
It was pointed out in Taylor v. Williams, 107 So.2d 319 (La.App. 2 Cir. 1958) that:
“ . . . one of the essential issues tendered in the action of partition is one of title,” 107 So.2d 321.
and in Continental Securities Corporation y. Wetherbee, 187 La. 773, 175 So. 571:
“[9] ‘In partition suit, ownership must be alleged and proved, and defendant may inquire into validity of proceedings whereby plaintiff acquired title upon which he sues.’ Bauman v. Pennywell, 160 La. 555, 107 So. 425; Samuels v. Parsons, 146 La. 262, 83 So. 548.”
However, the extent, if any, of plaintiff’s ownership of the land in question should have been determined after trial on the merits. It was held in Hammonds v. Buz-bee, 170 La. 573, 128 So. 520 (1930) and Moore v. Blount, 160 So. 319 (La.App. 2 Cir. 1935), that an exception of no cause of action in a partition suit based upon the fact that plaintiff in alleging her ownership of the property did not dpraign her title was correctly overruled. In both cases the court pointed out that even a vague allegation of ownership was sufficient to show a cause of action. In Huber v. Huber, 131 La. 144, 59 So. 44 (1912), the Supreme Court of Louisiana held that failure of plaintiffs to set forth their title in connection with an allegation of ownership does not furnish the basis for an exception of no cause of action.
For the foregoing reasons we find that the trial court erred in sustaining defendants’ exceptions of no cuase and no right of action, and the matter is remanded for further proceedings consistent with the views herein expressed.
All costs of this appeal are assessed against defendants-appellees.
Reversed and remanded.