LEMMON, Judge.
In this action plaintiff seeks to be declared the owner of certain immovable *621 property in St. John the Baptist Parish by virtue of 30-year acquisitive prescription. The record owner of the property was Louis Bailey, who acquired the property in 1920 during his marriage to Jane Alexander and died in 1924, one year after his wife.
Alleging that Louis and Jane Bailey had no children and that the heirs of Louis Bailey’s five deceased brothers were unknown, plaintiff had an attorney appointed to represent these heirs. The petition was served on the appointed attorney and on Louis Bailey’s only sister, who was still living. Plaintiff’s attorney furnished the appointed attorney the names of many of the heirs of Louis Bailey’s five deceased brothers (including plaintiff’s five siblings), and the appointed attorney filed an answer on behalf of the sister and the heirs of the five brothers of Louis Bailey. None of the heirs filed individual pleadings, and Joseph Bailey, the son of one of Louis Bailey’s brothers, was the only one to appear at trial to contest the proceedings.
After a judgment in favor of plaintiff following the trial on the merits, the appointed attorney filed an appeal.[1] Determining that the evidence is insufficient to establish 30 years of the type of possession necessary for acquisitive prescription, we reverse.
I
Louis Bailey was plaintiff’s uncle, and plaintiff testified that Louis and Jane Bailey had raised him as their son on the subject property. However, because plaintiff was 69 at the time of the 1979 trial and had lived in New Orleans since he was 17, he had moved off the subject property in 1927 or 1928.
Other evidence established that plaintiff’s father and youngest sister lived on the property until their father died and that the sister was still living there when the house was rebuilt by the Red Cross after being destroyed by a hurricane in 1965. She moved out after her husband died, about 10 years prior to trial.
Leroy Bailey, plaintiff’s first cousin who lived on the adjoining property, testified he took care of the property for plaintiff, beginning in about 1965. At time of trial he was collecting rent of $35.00 per month, which he remitted to plaintiff. He described himself as an heir of Louis Bailey “just like the rest”, but stated plaintiff took control of the property (at a time not stated) because “nobody else would do anything with it”. He also described helping plaintiff’s father, when the latter lived there, with “anything like would go wrong like a little nailing or something like that, I would do for him”.
Plaintiff testified that he had paid the taxes on the property for years. However, applications for homestead exemptions for the years between 1942 and 1951 were signed by “Celestin Bailey” of Wallace (St. John Parish), presumably plaintiff’s father, and the property was then assessed in the same name. From 1952 until 1962 the property was assessed in the name of the Estate of Celestin Bailey, and the applications were signed by plaintiff’s sister.
Joseph Bailey, Leroy’s brother who had lived in the general area, was the only other heir of Louis Bailey to testify, and he opposed plaintiff’s action. He expressed his impression that the heirs understood Louis Bailey had intended for plaintiff to have the property, but had not left a will.
Plaintiff’s youngest sister, who lived on the property from her birth until about 1969, was not called to testify. She was 50 years old at time of trial and therefore *622 apparently was born after plaintiff moved off the property.
II
Acquisitive prescription is a means by which property is acquired through possession over a fixed period of time. Immovable property may be acquired by possession for thirty years without any need for title or proof of good faith. C.C. art. 3499.
The possession necessary for acquisitive prescription must be continuous (by activities on the part of the possessor), uninterrupted (by activities on the part of a third person adverse to the possessor), public (open and not clandestine), peaceful (nonviolent), and unequivocal (possession as owner and not explainable on another basis). C.C. art. 3500; Board of Comm’rs., Lafourche Basin Levee Dist. v. Elmer, 268 So.2d 274 (La.App. 4th Cir. 1972). The proof in this case of necessary possession for 30 years is insufficient in several respects.
Plaintiff has failed to prove continuous possession by him or someone on his behalf prior to 1965, when Leroy Bailey began managing the property for him. Between the time plaintiff moved off the property (in about 1928) and 1965, the property was occupied by his father and by his sister and her husband. The evidence did not establish these people possessed the property on his behalf. Indeed, the signatures of plaintiff’s sister and father on the applications for homestead exemption for over 20 years raise a contrary inference, and plaintiff’s failure to produce his sister or to explain her absence at trial is significant in this respect.
Furthermore, the possession that plaintiff did prove was not shown to be unequivocal. Even if plaintiff had proved the possession by his father and sister was exercised on his behalf, there is no indication that possession was exercised as a possessor adverse to others who might claim ownership, and one could reasonably infer from the circumstances that they possessed the property with the implicit consent of the other heirs of Louis Bailey, who simply allowed them to live there. And while plaintiff eventually began collecting rent, which arguably is the exercise of possession adverse to other co-owners, that exercise of possession was not shown for 30 years.
When plaintiff desired to obtain title to the immovable property in accordance with his uncle’s unwritten wishes, it was necessary for him to acquire the interests of all of the uncle’s heirs. He may have done so by obtaining deeds from those co-owners who did not object to his assertion of ownership and then either by filing suit for partition by licitation against the unwilling or unknown co-owners (which apparently could have been accomplished virtually unopposed) or by putting the co-owners on notice he (through his father and sister) was taking possession adverse to their interest in order to begin the running of acquisitive prescription. See Givens v. Givens, 273 So.2d 863 (La.App. 2nd Cir. 1973) and the cases cited therein. However, the mere showing by a co-owner that he or someone on his behalf (assuming this had been proved) possessed immovable property for thirty years does not establish that the possession was adverse to the co-owners. Since such possession is explainable on the basis of implied consent to occupancy or of the presumption expressed in the Givens case that possession by one co-owner is generally exercised on behalf of all co-owners, the possession prior to 1965 was not proved to be unequivocal.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that plaintiff’s suit be dismissed at his cost.

. The appeal was filed by the appointed attorney, but stated only the name of Joseph Bailey as an appealing party. However, since the attorney was appointed to represent all of the absent and unknown heirs and was never enrolled as counsel for Joseph Bailey, the petition for appeal must be viewed as preserving the appellate rights of all defendants the attorney was appointed to represent. Thus, the reversal of the judgment enures to the benefits of all those defendants. Moreover, since the attorney undertook to represent the surviving sister who was served, the appeal should also be viewed as filed on her behalf (particularly since no preliminary default was entered against her once the appointed attorney filed an answer on her behalf).