# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-336**
**consolidated with 08-337**


**JUSTISS OIL COMPANY, INC.**

**VERSUS**

**LEON HANSON**


**CONSOLIDATED WITH**


**LEON HANSON**

**VERSUS**

**HEIRS AND SUCCESSORS**
**OF JOHN D. WEBSTER, ET AL.**


**\*\*\*\*\*\*\*\*\*\*\*\***


**APPEAL FROM THE**
**TWENTY-EIGHTH JUDICIAL DISTRICT COURT**
**PARISH OF LASALLE, NO. 29,791 C/W 31,064**
**HONORABLE J. P. MAUFFRAY, JR., DISTRICT JUDGE**


**\*\*\*\*\*\*\*\*\*\*\*\***


**JAMES T. GENOVESE**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED**.

**Anthony P. Lewis**
**307 St. Philip Street**
**Thibodaux, Louisiana 70301**
**(985) 448-3612**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Herbert McCoy in his capacity as**
  **Administrator of The Successions of**
  **John D. Webster and Isabel Curry Webster**

**R. Joseph Wilson**
**Post Office Box 1346**
**Jena, Louisiana 71342**
**(318) 992-2104**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Justiss Oil Company, Inc.**

**Lloyd E. Hennigan, Jr.**
**Post Office Box 1970**
**Jena, Louisiana 71342**
**(318) 992-4105**
**COUNSEL FOR APPELLEE:**
  **Leon Hanson**

**Dianne Hill**
**130 DeSiard Street, Ste. 501**
**Monroe, Louisiana 71201**
**(318) 325-6398**
**COUNSEL FOR APPELLEE:**
  **Matthew Holland Jr., Heir**

**GENOVESE, JUDGE.**

The instant matter is a consolidated injunctive proceeding and concursus proceeding involving competing claims of ownership in immovable property located in LaSalle Parish and the corresponding claims of entitlement to damages for the wrongful logging operations and sale of timber from said property. The appeal before this court is from the trial court's grant of summary judgment in favor of Justiss Oil Company, Inc. (Justiss Oil), recognizing it as the owner of an undivided 11.25% interest in the immovable property and its entitlement to a corresponding portion of the funds on deposit in the registry of the court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

John D. Webster and Isabel Curry Webster, husband and wife, owned the immovable property located in LaSalle Parish that is at issue in this case. Mr. Webster died intestate in 1929. Mrs. Webster died intestate in 1937. In June of 1999, the successions of Mr. and Mrs. Webster (Webster Succession) were opened, and an administrator, Herbert McCoy, was appointed.

On August 16, 1991, an heir of the Webster Succession, Margie Lee Webster, conveyed her undivided .625% interest in the property to W. B. McCartney Jr. On August 19, 1991, Dorothy Walker Patterson, also an heir of the Webster Succession, conveyed her undivided 10% interest in the property to Mr. McCartney. On February 27, 1991, Eddie Charles Webster, another heir of the Webster Succession, conveyed his undivided .625% interest in the subject property to Joseph D. Nugent. On March 1, 1991, Mr. Nugent subsequently conveyed his ownership interest to Mr. McCartney. Finally, on October 29, 1993, Justiss Oil acquired all of Mr. McCartney's undivided ownership interest in the subject property thereby giving Justiss Oil an 11.25%

1

interest in the property which is the subject of the case at bar.

On August 5, 1997, Justiss Oil filed a Petition for Damages, Injunctive Relief and Temporary Restraining Order in the matter entitled *Justiss Oil Company, Inc. v. Leon Hanson*, bearing docket number 29,791, in the Twenty-Eighth Judicial District Court, in LaSalle Parish, seeking to enjoin Leon Hanson, a timberman, from conducting logging operations on the subject property. On the date of the initial filing, the trial court issued a temporary restraining order against Mr. Hanson, and a preliminary injunction was later issued by the trial court on August 14, 1997.

On October 27, 1999, in a separate suit entitled *Leon Hanson v. Heirs and Successor of John D. Webster and Isabel Curry Webster*, Mr. Hanson invoked a concursus proceeding and deposited into the registry of the court the proceeds received from the unauthorized logging operations and sale of timber. On December 13, 1999, Mr. McCoy, in his capacity as the administrator of the Webster Succession, intervened in the proceeding instituted by Justiss Oil against Mr. Hanson, and an order modifying the preliminary injunction to include the Webster Succession was obtained.

The Webster Succession filed an answer to the concursus proceeding and a reconventional demand against Mr. Hanson, alleging ownership of all of the property at issue. Additionally, it filed a third party claim in the concursus proceeding against Justiss Oil, alleging that the deeds to Mr. Nugent and Mr. McCartney, through which Justiss Oil acquired its interest in the property, were fraudulent, invalid, and null for lack of consideration and lesion beyond moiety. The third party demand also sought declaratory relief nullifying any purported acts of conveyance to both Justiss Oil and Mr. Hanson and declaring the Webster Succession to be the sole owner of the

property in question.

On January 11, 2000, the trial court granted a judgment modifying the August 14, 1997 preliminary injunction to include the Webster Succession. On January 19, 2000, it consolidated the injunction proceeding with the concursus proceeding.

On July 20, 2000, the trial court rendered judgment dismissing the claims of the Webster Succession insofar as it sought to declare the deeds through which Justiss Oil acquired its interest in the property either fraudulent or null. This judgment was not appealed and is not before this court.

On March 21, 2006, Justiss Oil filed a motion for summary judgment seeking to have the trial court recognize its undivided 12.5% ownership interest in the property and an equivalent share of the proceeds deposited into the registry of the court. At the hearing on the motion, it was discovered that the ownership interest of Justiss Oil was erroneously stated as 12.5%, as opposed to 11.25%, in both the answer to the concursus proceeding as well as in the motion for summary judgment. Thus, the motion for summary judgment was denied on May 1, 2006. On May 8, 2006, Justiss Oil amended its answer to the concursus proceeding to correctly assert its interest as 11.25%. It refiled the motion for summary judgment on May 18, 2006, with the corrected ownership interest of 11.25% asserted therein. This motion was granted by the trial court on October 4, 2006. It is from this judgment that the Webster Succession appeals.

## ISSUE

The sole issue which we are called upon to decide is whether the trial court erred by concluding that there exists no genuine issues of material fact precluding the grant of summary judgment in favor of Justiss Oil.

## LAW AND DISCUSSION

Our Louisiana Supreme Court has instructed us relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363[,] p. 3 (La. 11/29/06), 950 So.2d 544, 546, see [La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light,* 2006-1181[,] p. 17 (La. 3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

The issue presented before the trial court in the motion for summary judgment was the percentage of ownership interest acquired by Justiss Oil in the subject property and its entitlement to the corresponding percentage of the funds which were deposited into the registry of the court. The record reflects that in support of its motion for summary judgment, Justiss Oil introduced the deeds through which it acquired its ownership interests and the Affidavit of Death, Jurisdiction, and Heirship contained in the succession of Webster. Notably, the Webster Succession offered no countervailing affidavits or evidence. Thus, Justiss Oil contends that the trial court correctly found that there was no genuine issue as to any material fact. We agree.

The evidence of record established the means by which Justiss Oil acquired its ownership interest in the subject property. Although an issue was previously raised in the trial court as to the validity of certain transactions in the chain of title, that issue

was resolved by the trial court's judgment of July 20, 2000, sustaining the exception filed by Justiss Oil. The July 20, 2000 judgment dismissed the claims of the Webster Succession seeking to nullify the deeds through which Justiss Oil acquired its interest in the property. That judgment was not appealed, and that issue is not before this court.

On appeal, the Webster Succession asserts that the percentage of Justiss Oil's ownership interest remains a material fact precluding the grant of summary judgment. The Webster Succession argues that Justiss Oil originally asserted that it had an undivided 11.25% interest; yet, when it filed its first motion for summary judgment, it alleged an ownership interest of 12.5%. The Webster Succession concludes, therefore, "that the inconsistency in the claimed undivided ownership interest by Justiss [Oil] as evidenced by pleadings it filed in the record of this case constituted a genuine issue of material fact, thereby precluding the granting of summary judgment." We find no merit to this contention.

The error in calculation was rectified by Justiss Oil having filed an amended pleading following the denial of its first motion for summary judgment. Thereafter, Justiss Oil filed a second motion for summary judgment wherein it prayed for judgment recognizing it as the owner of an undivided 11.25% interest. Certainly, the error of Justiss Oil in its original pleading does not constitute a judicial confession under La.Civ.Code art. 1853[1] as asserted by the Webster Succession. The erroneous mathematical calculation was cured by the amended petition, and the judgment

_____

[1]Louisiana Civil Code Article 1853 provides: "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact."

5

granting the motion for summary judgment which is presently before this court does not contain a contested factual issue regarding the percentage of ownership interest by Justiss Oil.

The Webster Succession also asserts on appeal that summary judgment is precluded in the instant matter since there remains an issue of possession of the subject property, relying on *Chevron U.S.A., Inc. v. Bergeron*, 551 So.2d 746 (La.App. 1st Cir.), *writ denied*, 553 So.2d 465 (La.1989). We find *Chevron* to be inapplicable. *Chevron* involved a concursus proceeding as well as a possessery action which were consolidated by the trial court. The appellate court framed the issue before it as "whether the rules regulating real actions, with respect to the method of asserting claims of possession and ownership of immovable property, apply where real rights are adjudicated in a concursus proceeding." *Id.* at 748. It was the holding of the court that "where adverse claimants dispute possession and ultimately ownership of immovable property involved in a concursus proceeding, possession is a preliminary matter which must be resolved prior to adjudication of the issue of ownership." *Id*. at 749. Moreover, in *Chevron*, adverse possession was an issue that was raised. Notably, claims were being asserted by a party with actual physical possession of the property against defendants who were the record owners. Those are not the facts in the case at bar.

In the instant matter, as noted by Justiss Oil in its brief to this court, "[t]here is not and cannot be any such issue presented in this case, because Justiss [Oil] and the Webster Succession are co-owners" and "[t]he Webster Succession does not contend, by affidavit or otherwise, that it ever performed any overt act, hostile to the rights of Justiss [Oil], asserting that it intended to hold the property in full

6

ownership." In support thereof, Justiss Oil cites the following jurisprudence:

> The jurisprudence is well settled that, as a general rule, owners in indivision cannot acquire title by prescription against each other. *Litton v. Litton*, 36 La.Ann. 348 [(1884)]; *Simon v. Richard*, 42 La.Ann. 842, 8 So. 629 [(1890)]; *Dew v. Hammett*, 150 La. 1094, 91 So. 523 [(1922)]; *Hill v. Dees*, 188 La. 708, 178 So. 250 [(1937)] and *Arnold v. Sun Oil Company*, 218 La. 50, 48 So.2d 369 [(1949)]. In order for one coowner or coheir to prescribe against the other, his possession must be clearly hostile to the rights of the other and, in such instances, it is necessary, in order to commence the running of prescription, that notice be given by the former to the latter of his intention to hold, *animo domini*, all of the common property. *Ethredge v. Watts*, 137 La. 686, 69 So. 95 [(1915)]; *Liles v. Pitts*, 145 La. 650, 82 So. 735 [(1919)]; *Gill v. Robinson*, 11 Orleans App. 226 [(1914)] and *Arnold v. Sun Oil Company*, supra. Occupancy, use, payment of taxes and the like will not suffice.

*Lee v. Jones*, 69 So.2d 26, 28 (La.1953); See also *Hooper v. Hooper*, 06-825 (La.App. 3 Cir. 11/2/06), 941 So.2d 726, *writ denied*, 06-2823 (La. 1/26/07), 948 So2d 177. Thus, absent any assertion of a claim of full ownership or possession of the subject property hostile to its rights, Justiss Oil contends that as a co-owner, and as a matter of law, the Webster Succession "is precluded from asserting any claim of full ownership against Justiss [Oil] based on possession."

Justiss Oil, through the evidence introduced in support of its motion for summary judgment, established its title to an 11.25% ownership interest in the property. As a result of the previous judgment that was not appealed, there no longer remains any issue as to the validity of the deeds upon which Justiss Oil relies. The amount of Justiss Oil's undivided interest was also established by the Affidavit of Jurisdiction, Death and Heirship which was prepared and filed in the succession of Webster and introduced into evidence in support of the motion for summary judgment. The Webster Succession did not present any countervailing evidence in opposition to the motion for summary judgment filed by Justiss Oil. Accordingly, our

7

review of the record of these proceedings reveals that no genuine issue of material fact remains so as to preclude the grant of summary judgment in favor of Justiss Oil on the amount of ownership interest held by it in the subject property and the corresponding amount of its entitlement to the funds on deposit in the registry of the court from the logging operations and sale of timber.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Justiss Oil Company, Inc. is affirmed. Costs are assessed against the Successions of John D. Webster and Isabel Curry Webster through its administrator, Herbert McCoy.

**AFFIRMED.**